PATTERSON, GENERAL ADMINISTRATOR, ET AL.
*v.* UNITED STATES.

No. 429.   Argued April 21, 1959.—Decided May 18, 1959.

*Jacob Rassner* argued the cause and filed a brief for petitioners.

*Leavenworth Colby* argued the cause for the United States.   With him on the brief were *Solicitor General Rankin, Assistant Attorney General Doub, Samuel D. Slade* and *Seymour Farber.*

PER CURIAM.

Petitioners, Melvin A. Hays, Sterling E. Duncan, and Leonard L. Sullivan, were injured in the course of their employment with the United States while aboard vessels operated by the Government and engaged in merchant service.   Petitioner Patterson is the administrator of the estate of Edgar A. Doody, Jr., who died as the result of injuries sustained by him while he was similarly employed. Each of the petitioners filed a libel *in personam* against the United States under the Suits in Admiralty Act, 41 Stat. 525 *et seq.*, 46 U. S. C. § 741 *et seq.*   The Court of Appeals for the Second Circuit affirmed dismissal of the libels on the ground that petitioners' exclusive remedy was under the Federal Employees' Compensation Act,

39 Stat. 742 *et seq.*, 5 U. S. C. § 751 *et seq.*, 258 F. 2d 702. We granted certiorari, 358 U. S. 898, to resolve a conflict between the decision below and that of the Court of Appeals for the Eighth Circuit in *Inland Waterways Corp.* v. *Doyle,* 204 F. 2d 874.

In *Johansen* v. *United States,* 343 U. S. 427, 441, the Court held "that the Federal Employees Compensation Act is the exclusive remedy for civilian . . ." employees of the United States on government vessels engaged in public service and that the United States was therefore not liable to such employees under the Public Vessels Act. 43 Stat. 1112 *et seq.,* 46 U. S. C. § 781 *et seq.* The considerations which led to that conclusion are equally applicable to cases where the government vessel is engaged in merchant service. The United States "has established by the Compensation Act a method of redress for its employees. There is no reason to have two systems of redress." 343 U. S., at 439.[1]

The major portion of petitioners' argument, however, is addressed to the proposition that *Johansen* was incorrectly decided and that we should avail ourselves of this opportunity to reconsider it. We decline to do so. No arguments are presented by petitioners which were not fully considered in *Johansen* and rejected. "[W]hen the questions are of statutory construction, not of constitutional import, Congress can rectify our mistake, if such it was, or change its policy at any time, and in these circumstances reversal is not readily to be made." *United States* v. *South Buffalo R. Co.,* 333 U. S. 771, 774–775. If civilian seamen employed by the Government are to

---

[1] It is worthy of note that in *Johansen* the Court expressly disapproved the decision in *United States* v. *Marine,* 155 F. 2d 456, in which a civilian employee of the Government was awarded damages under the Suits in Admiralty Act for injuries sustained by him while aboard a vessel operated by the United States in the merchant service.

be accorded rights different from or greater than those which they enjoy under the Compensation Act, it is for Congress to provide them.[2]

Accordingly, the judgments of dismissal entered against petitioners Hays, Duncan, Sullivan, and Patterson are affirmed. We also affirm dismissal of the libel filed by petitioner Vallebuona, who has conceded that he could prevail only if *Johansen* were overruled.

*Affirmed.*

MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS dissent.

---

[2] The Clarification Act of 1943, 57 Stat. 45, 50 U. S. C. App. § 1291, indicates that Congress has chosen with care the remedies which it has made available to civilian seamen employed by the United States. That legislation provided that "officers and members of crews . . . employed on United States or foreign flag vessels as employees of the United States through the War Shipping Administration, . . . because of the temporary wartime character of their employment by the War Shipping Administration, shall not be considered as officers or employees of the United States for the purposes of the United States Employees Compensation Act, as amended . . . ."