John I. MARION, Plaintiff,

v.

UNITED STATES of America
and
Staff Sergeant Billie Pierce, Defendants.

Civ. A. No. 13259.

United States District Court
D. Maryland.

Feb. 28, 1963.

Neil M. Shpritz, Baltimore, Md., Robert J. Stanford, Washington, D. C., for plaintiff.

Joseph D. Tydings, U. S. Atty., Daniel F. McMullen, Jr., Asst. U. S. Atty., Baltimore, Md., Leavenworth Colby, Washington, D. C., Allan J. Weiss, Arlington, Va., for defendant.

WINTER, District Judge.

Whether the remedy of a federal employee, injured in the course of his employment by another federal employee, also acting in the course of his employment, against the United States and also the fellow-employee lies exclusively in the benefits granted by the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq., is the question raised by the defendants' motion for summary judgment.

The complaint, answers, motion for summary judgment and supporting affidavit establish that plaintiff, a civilian employee of the United States, Department of the Air Force, Andrews Air Force Base, Maryland, was driving his privately owned light delivery truck on the base on August 27, 1959 in the performance of his duties when he was struck by a motorcycle driven by defendant Staff Sergeant Billie Pierce, a member of the United States Air Force, acting within the scope of his employment as an air policeman. Defendant Pierce received no injuries as a result of the collision. Plaintiff claims neck and spine injury.

Plaintiff received medical treatment and physical therapy pursuant to 5 U.S. C.A. § 759(a), and filed a claim for com-

pensation pursuant to 5 U.S.C.A. § 751. On May 2, 1960, plaintiff was awarded compensation for temporary total disability for "whiplash, cervical muscles and back," but no amount was ever paid because plaintiff was also drawing retirement pay in a greater amount than the compensation award and, pursuant to 5 U.S.C.A. § 757(a), plaintiff elected to receive the latter, since the statute prohibits his receiving both.

On August 25, 1961, plaintiff instituted the instant suit, purportedly under the Federal Tort Claims Act against the United States and purportedly by the exercise of the Court's diversity jurisdiction against defendant Pierce, alleging negligence as to both. After answer, both defendants joined in moving for summary judgment.

Defendant United States contends that 5 U.S.C.A. § 757(b) makes the Federal Employees' Compensation Act the employee's exclusive remedy against the United States, so that suit will not lie under the Federal Tort Claims Act. Defendant Pierce contends that certain provisions of the Federal Employees' Compensation Act, (those requiring, (a) upon demand of the Secretary of Labor, an assignment of a claim against a third person; or (b) in the event of recovery against a third person, reimbursement to the United States for the amounts expended by it by reason of the injury) construed in the light of United States v. Gilman, 347 U.S. 507, 74 S.Ct. 695, 98 L.Ed. 898 (1954), should result in the conclusion that the Act prohibits suit against a fellow-employee for negligence.

■ There can be no question but that suit against the United States under the Federal Tort Claims Act will not lie. Since amended in 1949, 5 U.S.C.A. § 757(b) has stated that the liability of the United States to an employee for death or injury under the Federal Employees' Compensation Act is "exclusive, and in place, of all other liability of the United States * * .*." Even prior to the 1949 amendment, the Act had been held to provide the exclusive remedy of the employee as against the federal government, Johansen v. United States, 343 U.S. 427, 429–441, 72 S.Ct. 849, 96 L.Ed. 1051 (1952), and Posey v. Tennessee Valley Authority, 93 F.2d 726, 727–728 (5 Cir., 1937). Since the amendment, the Act has widely been so applied, Patterson v. United States, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971 (1959), rehearing den. 360 U.S. 914, 79 S.Ct. 1293, 3 L.Ed.2d 1263 (1959); United States v. Weyerhaeuser Steamship Company, 294 F.2d 179, 180 (9 Cir., 1961), cert. granted on other questions 369 U.S. 810, 82 S.Ct. 688, 7 L.Ed.2d 611 (1962); Somma v. United States, 283 F.2d 149 (3 Cir., 1960); Aubrey v. United States, 103 U.S. App.D.C. 65, 254 F.2d 768 (1958); Sasse v. United States, 201 F.2d 871 (7 Cir., 1953). That plaintiff received only medical treatment and not compensation (because he elected the greater retirement allowance), does not detract from the Act's exclusiveness of remedy, Thol v. United States, 218 F.2d 12 (9 Cir., 1954); Underwood v. United States, 207 F.2d 862 (10 Cir., 1953); Smithers & Co. v. Coles, 100 U.S.App.D.C. 68, 242 F.2d 220 (1957), cert. den. 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1129 (1957).

In a post hearing memorandum and since studying the authorities above, all cited in the government's trial memorandum, plaintiff concedes that the United States is entitled to summary judgment. It will be granted.

■ The contention of defendant Pierce stems from 5 U.S.C.A. §§ 776 and 777.[1] It is said that these reimbursement provisions, when read in the light

---

1. "§ 776. If an injury or death for which compensation is payable under sections 751–756, 757–781, 783–791 and 793 of this title is caused under circumstances creating a legal liability upon some person other than the United States to pay damages therefor, *the Secretary may re-*

*quire the beneficiary to assign to the United States any right of action he may have to enforce such liability of such other person* or any right which may have to share in any money or other property received in satisfaction of such liability of such other person, or the

of the statement in Johansen v. United States, supra, 343 U.S. p. 440, 72 S.Ct. p. 857, that "Such a comprehensive plan for waiver of sovereign immunity [the Federal Employees' Compensation Act], in the absence of specific exceptions, would naturally be regarded as exclusive," and the result in United States v. Gilman, supra, inevitably lead to the conclusion that, even in the absence of specific language to that effect, the provisions of the Act make it clear that Congress intended the Act to be an exclusive remedy of an employee *against his fellow-employee,* as well as the United States as employer, when an employee is injured in the course of his employment by the act of a fellow-employee also in the course of the latter's employment. The conclusion advanced is that under such circumstances an employee may not maintain a common law action for negligence against his fellow-employee.

The Act by its terms does not purport to accomplish this result. The exclusiveness spoken of in Johansen was in the context of a federal employee's rights against his employer.

In United States v. Gilman, supra, suit was instituted under the Federal Tort Claims Act by an injured third person against the United States by reason of the negligence of one of its employees. The United States attempted to implead the negligent employee as a third party defendant, on the theory that an employee is liable to indemnify his employer where the employer is held answerable in damages because of the employee's negligent act or omission. The precise question presented and decided was whether, *in the absence of an express declaration by Congress* affording the United States a right of indemnity against its employee, the courts should imply such an intention to Congress. The Supreme Court answered that contention in the negative, by saying:

(347 U.S. pp. 510, 511–513, 74 S.Ct. p. 697, 698):

"When the United States sues an employee and takes him to court, it lays the heavy hand of discipline on him, as onerous to the employee perhaps as any measure the employer might take, except discharge itself.

"On the government side are questions of employee morale and fiscal policy. We have no way of knowing what the impact of the rule of indemnity we are asked to create might be. But we do know the question has serious aspects—considerations that pertain to the financial ability of employees, to their efficiency, to their morale. These are all important to the Executive Branch. The financial burden placed on the United States by the Tort Claims Act also raises important questions of fiscal policy. A part of that fiscal problem is the question of reimbursement of the

---

Secretary may require said beneficiary to prosecute said action in his own name. * * *" (Emphasis supplied)

"§ 777. If an injury or death for which compensation is payable under sections 751–791, 793 of this title is caused under circumstances creating a legal liability in some person other than the United States to pay damages therefor, and a beneficiary entitled to compensation from the United States for such injury or death receives, as a result of a suit brought by him or on his behalf, or as a result of a settlement made by him or on his behalf, any money or other property in satisfaction of the liability of such other person, such beneficiary shall, after deducting the costs of suit and a reasonable attorney's

fee, apply the money or other property so received in the following manner:

"(A) If his compensation has been paid in whole or in part, *he shall refund to the United States the amount of compensation which has been paid by the United States* and credit any surplus upon future payments of compensation payable to him on account of the same injury. Any amount so refunded to the United States shall be placed to the credit of the employees' compensation fund.

"(B) If no compensation has been paid to him by the United States, *he shall credit the money or other property so received upon any compensation payable to him by the United States,* on account of the same injury." (Emphasis supplied)

United States for the losses it suffers as a result of the waiver of its sovereign immunity. Perhaps the losses suffered are so great that government employees should be required to carry part of the burden. Perhaps the cost in the morale and efficiency of the employees would be too high a price to pay for the rule of indemnity the petitioner now asks us to write into the Tort Claims Act.

\* \* \* \* \* \* \*

"\* \* \* The selection of that policy which is most advantageous to the whole involves a host of considerations that must be weighed and appraised. That function is more appropriately for those who write the laws, rather than for those who interpret them."

█ If the Gilman case is treated as holding merely that a federal employee is not liable to indemnify the United States for damages which it may be required to pay as a result of the employee's negligence, there is a basis for argument that the Federal Employees' Compensation Act should be construed to abrogate the employee's common law right of action against a co-employee, because any recovery realized by the injured employee must be applied to reimbursement of the United States for benefits under the Act which it has paid. But Gilman may not be so narrowly construed. The holding and the rationale of Gilman are that a court should not interpret a statute relating to federal employer-employee relations so as to imply regulation of an aspect of that relationship where Congress has been silent on the subject, and this is so because regulation of that relationship involves complex policy questions more properly the province of the Congress than the courts.

In the instant case, the essence of the contention of defendant Pierce is that the Court should read into the Federal Employee's Compensation Act a provision, not therein expressed, abrogating the employee's common law right of action against his co-employee. Congress has not yet seen fit to establish this as the law. Consistent with Gilman, the Court believes that such a limitation involves problems of policy better left to Congress than the courts. Most of the same policy considerations present in Gilman are implicit in the regulation sought to be established here, although perhaps in a different degree.

Reliance on Gilman is not the only support for the Court's conclusion that summary judgment for defendant Pierce must be denied. In Allman v. Hanley, 302 F.2d 559 (5 Cir., 1962), it was squarely decided that the Federal Employees' Compensation Act is no bar to a suit by a federal employee against his allegedly negligent fellow-employee. The Court reasoned that, since 5 U.S.C.A. § 776 clearly recognizes the right of a federal employee, entitled to benefits under the Act, to recover from "some person other than the United States," a negligent employee is such a person, in the absence of a specific provision to the contrary. It is urged that Allman should not be followed because it failed to consider and apply Gilman. As has been shown, Gilman does not require a different result. The Court is constrained to follow the decision in Allman v. Hanley, and the rationale of Gilman, absent a contrary decision of the Court of Appeals for this Circuit.

The question in this Circuit is still undecided, despite Doane v. E. I. Dupont De Nemours & Co., 209 F.2d 921 (4 Cir., 1954). That case arose under diversity jurisdiction, and applied Virginia law as announced by the Supreme Court of Virginia, in regard to the Virginia Workmen's Compensation Statute in holding that the employee's statutory right to bring suit against the "other party" was limited to strangers to the employment and, hence, excluded fellow-employees. It does not decide how the Federal Employees' Compensation Act in regard to suits between employees is to be construed.

To date Congress has not spoken definitively that one federal employee may not sue another on a cause of action aris-

ing out of their mutual employment. Whether this silence connotes affirmative approval of such suits or failure to anticipate the problem, this Court holds that such suits are not now barred and, hence, the motion for summary judgment of defendant Pierce will be denied.

Counsel may agree upon, and present, a form of order in accordance with these views.