Daniel E. O'CONNELL, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 62–866.

United States District Court
D. Massachusetts.

Sept. 9, 1963.

John F. X. Gaquin, Boston, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., William B. Duffy, Jr., Asst. U. S. Atty., for defendant.

CAFFREY, District Judge.

The United States has moved for summary judgment in the above-captioned case on the basis of 5 U.S.C. § 757(b). The record discloses that plaintiff, a resident of Boston, Massachusetts, brings this action under the Federal Tort Claims Act; that plaintiff was a civilian employee of the United States at the time of the accident; and that while so employed he was injured in the course of his duties as a marine machinist on March 7, 1962 while he was aboard the U.S.S. MALOY.

The injury was caused by the negligent act of a sailor in the United States Navy.

On March 8, 1962, plaintiff filed a claim for compensation and medical expenses under the Federal Employees' Compensation Act and on March 16, 1962 was notified that temporary total disability compensation for loss of earnings would be paid to him at the rate of $358.72 every four weeks. He was paid at this rate for the period March 7, 1962 to August 6, 1962 in a total amount of $1887.-54. In addition, his medical expenses totaling $1066.33 were paid pursuant to the Act. He returned to his official duties on August 6, 1962.

The sole question presented by the Government's motion for summary judgment on these uncontroverted facts is whether, despite the clear and unambiguous statutory language of 5 U.S.C. § 757(b) of the Federal Employees' Compensation Act (which makes recovery by Federal civilian employees thereunder exclusive of all other remedies against the United States), a civilian employee may nevertheless maintain an action against the United States under the Federal Tort Claims Act so-called (28 U.S.C. §§ 1346 (b), 2671 et seq.).

The question must be answered in the negative. In Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051, the Supreme Court ruled that a civilian employee may not maintain an action against the United States under the Public Vessels Act; and in Patterson v. United States, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971, the Supreme Court ruled that a civilian employee may not maintain an action against the United States under the Suits in Admiralty Act. The reasoning in those cases clearly establishes that the remedy given to a civilian employee by 5 U.S.C. § 757(b) likewise bars him from maintaining an action against the United States under the Federal Tort Claims Act. See Thol v. United States, 218 F.2d 12, 13 (9 Cir., 1954); Sasse v. United States, 201 F.2d 871, 873 (7 Cir., 1953).

Complaint dismissed. Judgment for defendant.