Leonard **DURRANT**, Plaintiff,

v.

**PANAMA CANAL COMPANY**, Defendant.

Civ. A. No. 1732–63.

United States District Court
District of Columbia.

Oct. 14, 1963.

A. Fred Freedman, Washington, D. C., for plaintiff.

Alan J. Weiss, Department of Justice, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action for damages for personal injuries brought under the Federal Employers' Liability Act by an employee of the Panama Canal Company. The defendant moves to dismiss the complaint on the ground that, since the Panama Canal Company is wholly owned by the Government, the sole remedy of the plaintiff is to seek compensation under the Federal Employees' Compensation Act. It is contended that the plaintiff must be treated as an employee of the Government, being employed by the Panama Canal Company, an instrumentality of the Government. It is not disputed that the Panama Canal Company is a corporation wholly owned by the United States.

■ The Federal Employees' Compensation Act is, in effect, a workmen's compensation act for employees of the United States. It provides that the remedy under that Act shall be exclusive, 5 U.S.C. § 757(b). The term "employee" is defined in Section 790 as:

"*  *  *  all civil officers and employees of all branches of the Government of the United States (including officers and employees of instrumentalities of the United States wholly owned by the United States *  *)."

The defendant corporation is wholly owned by the United States and therefore comes within the definition of instrumentalities as contained in the section just quoted.

In Patterson v. United States, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971, affirming 2 Cir., 258 F.2d 702, affirming Sullivan v. United States, D.C., 130 F.Supp. 53, the Federal Employees' Compensation Act was applied to an employee of a wholly owned Government corporation, to wit, Inland Waterways Corporation.

■ It is claimed, however, that a statute creates an exception for employees of the Panama Canal Company, 5 U.S.C. § 791. That section, in its second sentence, provides that:

"If an injury or death for which compensation is payable under this chapter is caused under circumstances creating a legal liability in the Panama Railroad Company to pay damages therefor under the laws of any State, Territory, or possession of the United States or of the District of Columbia or of any foreign country, no compensation shall be payable until the person entitled to compensation releases to the Panama Railroad Company any right of action which he may have to enforce such liability of the Panama Railroad Company, or until he assigns to the United States any right which he may have to share in any money or other property received in satisfaction of such liability of the Panama Railroad Company."

That section merely means that if there is liability under some State statute —and that includes territory, possession of the United States, or the District of Columbia,—then there may be a possibility of an election of remedies. It does not contemplate an election of remedies as between two Federal statutes. Moreover, it is doubtful whether that section, which was enacted in 1916, is still in effect because the corporation known as Panama Railroad Company, a New York corporation, is no longer in existence and has been succeeded by the Panama Canal Company, a corporation organized under

the laws of the United States and wholly owned by the United States.

In view of these considerations, the defendant's motion to dismiss the complaint is granted.