**Margaret M. GILLIAM, Plaintiff,**

v.

**UNITED STATES of America and Lee Roy Gray, Defendants.**

**No. 1608.**

United States District Court
E. D. Kentucky,
at London.

Feb. 20, 1967.

Gess, Mattingly, Saunier & Atchison, Jack F. Mattingly, Lexington, Ky., for plaintiff.

George I. Cline, U. S. Atty., Wix Unthank, Asst. U. S. Atty., Lexington, Ky., Charles G. Cole, Jr., Barbourville, Ky., for defendant Gray.

MEMORANDUM

SWINFORD, Chief Judge.

On November 12, 1964, Margaret M. Gilliam filed an action in the Knox County, Kentucky Circuit Court against the defendants, Carolyn H. Friend, Administratrix of the Estate of Noah R. Friend, deceased, and Lee Roy Gray. The plaintiff claimed damages in the sum of $75,746.12 and her costs in the action, which she alleged to be the result of the joint and concurrent negligence of the defendants. The allegations of her complaint are as follows:

"2. That at or about the hour of 5:55 P.M., on November 13, 1963, the decedent, Noah R. Friend, was operating a 1962

Oldsmobile automobile in a southerly direction on a public highway known as U. S. 25E at or near the intersection thereof with Kentucky State Highway 223 in Knox County, Kentucky; and that at the time and place and upon the occasion as aforesaid, Plaintiff was a passenger in said automobile owned by decedent, Noah R. Friend, and operated by him, as aforesaid.

"3. That at the time and place and upon the occasion described in paragraph 2, above, Defendant, Lee Roy Gray, was operating a 1959 Chevrolet truck.

"4. That as a result of the joint, separate and concurrent negligence of the decedent, Noah R. Friend, and the defendant, Lee Roy Gray, the vehicle being operated by the decedent, Noah R. Friend, and in which Plaintiff was riding, and the vehicle being operated by Defendant, Lee Roy Gray, were caused to collide."

On December 30, 1966, Carolyn H. Friend, Administratrix of the Estate of Noah R. Friend, deceased, filed a petition for removal to this court pursuant to Subsection (d) of Section 2679, Title 28, United States Code. Her petition further alleged that there was attached to it a certification by the United States Attorney for the Eastern District of Kentucky that defendant's decedent was acting within the scope of his employment at the time of the alleged occurrence. On the same day, the United States, by its attorney, George I. Cline, filed a motion for substitution, setting forth that the defendant's decedent was acting within the scope of his employment with the United States and that Section 2679(b), Title 28, United States Code, made the exclusive remedy against the United States as provided by Section 1346(b), Title 28, United States Code.

It is seen from the record that the petition for removal was not filed for more than two years after Margaret M. Gilliam filed her original action in the state court. The record is before the court on the motion of the defendant, United States of America, to dismiss the action on the ground that at the time and place of the alleged accident, negligence and damages, the plaintiff was an employee of the defendant, United States of America, and as such employee was within the jurisdiction and purview of 39 Stat. 742, as amended, 5 U.S.C. § 751 et seq.; that this statute is an exclusive remedy and precludes the plaintiff from suing the defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq.

I concede that the position of the United States is not without legal reasoning and logic and is supported by substantial authority. The Federal Employees' Compensation Act (5 U.S.C. § 751 et seq.), it is urged by the United States, provides that this Act is the exclusive remedy for an employee injured by a fellow employee and that she has no common law right or statutory right to seek other redress. In support of this position there is cited Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952); Patterson v. United States, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971 (1959); and United States v. Demko, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 259 (1966).

Notwithstanding these cases, however, it is my conclusion that they do not determine the issue presented by the factual situation and I prefer to follow a former ruling of this court in a similar case styled Mary E. Green v. Wilbur D. Short (unpublished), Civil Action No. 1107 on the Covington Docket, decided February 12, 1965. In that case, the court, speaking through the undersigned judge said:

"The first question which the Court wants to dispose of is this matter of liability on the part of the United States under the record as disclosed. As I stated formerly, I am of the opinion that none of the cases that have been called to my attention meet the situation presented here. The cases to which counsel has referred and of which the Court has some knowledge and familiarity, the Johansen case, 343 U.S. 427, [72 S.Ct. 849], and

the other cases referred to by counsel, did not present, in my opinion, this exact situation. They were cases in which there was sought a recovery against the United States directly and in which actions had been brought to recover money growing out of alleged personal injuries caused by negligence of an employee. Under the Federal Torts Claim Act, I can understand an employee of the United States could not sue the United States under this compensation act, but this is a case in which this plaintiff has brought an action against an individual. So far as her case is concerned, nothing is said about his being a federal employee or about his being in any way covered by any of the benefits of the statutes, because he is an employee. She just sued Mr. Short for alleged injury, according to her complaint as set out here, that was filed in the Gallatin Circuit Court, growing out of the negligent operation of an automobile.

"Now we find a situation in which if the Court followed the reasoning of the United States Attorney's argument would deny Miss Green any right of recovery at all, irrespective of how gross the negligence, irrespective of how seriously she may have been injured, she would have no grounds for recovery. All she could expect would be under the compensation law, payment for her hospital bill and medical expenses. I can't conceive of placing a construction or interpretation upon an act of Congress made primarily for the protection of its own employees that would deny another employee a right to make a claim for a just recovery. This woman had a right at common law, she had a right of action at common law, and here by a strained, as I believe, construction, she is denied that right without any direct and express act of Congress on the point. In other words, while they pay to her her hospital bill and medical expenses, they say to her, 'We are going to construe this law and the Congress intends in this law to deny an employee of the United States any right to recover for personal injuries solely on the ground that you are an employee of the United States Government.' It is a very ancient legal maxim that there shall be no wrong without a remedy. It is the body of the whole law that is built around that idea and principle and yet to interpret this compensation law in such a way would deny a common law right of action to one of the government employees, solely on the ground that the United States in another act, another statute, had volunteered itself to replace or supplant any of its employees who might be sued for damages growing out of an automobile injury.

"So I hold that Miss Green did have a right of action, a common law right of action, against Mr. Short for personal injuries and that after she had sued Mr. Short in the state court, in the county in which the accident occurred, and the injury occurred, if the United States came in and undertook to supplant itself as defendant for the original defendant and to discharge its obligation to him, then the United States could not claim that it was therefore being sued, because it had not been sued, and that the plaintiff would have no right of recovery whatsoever and the case would have to be dismissed. Miss Green did have this right of action and I think she has a right to recover."

The court then proceeded to discuss the matter of Miss Green's injuries and concluded by awarding her the sum of fifteen thousand dollars. Final orders were entered on March 2, 1965 and notice of appeal was filed on April 9, 1965. On May 12, 1965, the United States asked for an extension of time for filing the record and docketing the appeal. The time was extended to July 8, 1965. On July 1, 1965, the United States filed a motion to dismiss the appeal and an order was entered dismissing the appeal on July 2, 1965. An order of satisfaction of judgment was entered on September 1, 1965.

The facts in Green v. Short were that the plaintiff, Miss Green, and the original defendant, Mr. Short, were both employees of the Internal Revenue Service of the United States with offices in the Cincinnati, Ohio area. While they were

on their way by automobile to Louisville, Kentucky, for the purpose (as I now recall) of appearing as witnesses for the United States in a court action or legal proceeding of some nature, the car met with an accident and the plaintiff was injured. She filed suit in the Gallatin County, Kentucky Circuit Court, the court of the situs of the accident. The defendant, Short, did not contest the allegations of her complaint and admitted liability. As in the case at bar, the government removed the action to the federal court and substituted itself for the defendant, Short.

Factually, Mrs. Gilliam has even a stronger case than Miss Green. Miss Green was required to make the trip from her office in the Cincinnati area to Louisville but there was no requirement that she travel by car on a highway. She had a right to choose her own method of transportation. Mrs. Gilliam, at the time of the accident in which she was injured, was making the trip by car under direct orders of her superior officer, the United States Marshal. She had no choice but to be where she was at the time she was injured by reason of the alleged negligence of her fellow employee.

The facts in this case are disclosed by Civil Actions Nos. 1365, 1383 and 1387 on the London Docket, which were actions prosecuted by claimants on facts growing out of the accident in which Mrs. Gilliam was involved. Those facts are briefly as follows.

The federal court was in session at London, Kentucky. At the conclusion of a day of criminal court, Deputy Marshal Noah Friend and the plaintiff, Margaret Gilliam, deputy marshal, were directed to deliver two women prisoners to the Pineville, Kentucky jail which was about fifty miles from London. It was on November 13 and a dark, rainy day. The pavement was wet. As described by some of the witnesses it was about six P.M. and "dusk dark". Mrs. Gilliam was riding on the front seat beside Mr. Friend who was driving the car. The two women

prisoners were on the back seat. The car struck the truck of the co-defendant, Lee Roy Gray, at or near a highway intersection. Deputy Marshal Friend and one of the women prisoners were killed. The other prisoner and Mrs. Gilliam were injured.

Under these facts and circumstances, it is my judgment that inestimable wrong would be done Mrs. Gilliam by denying her the right to seek redress for her alleged injuries, growing out of the alleged negligence of the operator of the car in which she was compelled to ride, by denying her the right to prosecute a common law action for a tort against her in the forum of her choosing. I do not believe the Congress intended to go so far in its enactment of the compensation or substitution statute when it was in the minds of the legislators that they were passing enactments for the benefit of employees and not to foreclose their right to seek redress for wrongs committed against them. The state compensation laws are for immediate aid to the injured employee and as a protection to the employer. There is no parallel between those laws and the federal laws which the United States seeks to impose here as a means of denying an allegedly just claim.

I subscribe to the language of the Court in Brady v. Roosevelt S.S. Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471: "We can only conclude that if Congress had intended to make such an inroad on the rights of claimants it would have said so in unambiguus terms" and "in the absence of a clear Congressional policy to that end, we cannot go so far."

I also follow the reasoning of the court in Allman v. Hanley, 5 Cir., 302 F.2d 559, which holds that since the Act itself recognizes the right of an employee to recover from "some person other than the United States" and a negligent co-employee is such a person, in the absence of a specific provision to the contrary, it follows that the Federal Employees' Compensation Act does not abrogate the common law right of an employee to sue a

negligent fellow employee. See also Marion v. United States, 214 F.Supp. 320.

The motion to dismiss the complaint should be overruled and an order to that effect is this day entered.