**Andrew Anthony AHO**

v.

**UNITED STATES of America.**

No. 7158.

United States District Court
E. D. Louisiana,
New Orleans Division.

March 8, 1967.

Charles R. Maloney, New Orleans, La., for plaintiff.

Louis C. LaCour, U. S. Atty., Ernest N. Morial, Asst. U. S. Atty., New Orleans, La., for defendant.

HEEBE, District Judge:

This cause came on for hearing on a former day on motion of the United States for summary judgment, at which time the motion was granted. It now appears that this matter is set for hearing in the United States Court of Appeals for the Fifth Circuit. In order that the Court of Appeals may be in-formed of the basis for this Court's decision, the following brief reasons are issued:

## REASONS

Plaintiff, formerly a seaman employed by the United States on a public vessel, alleged that he contracted tuberculosis and other serious illnesses from the unsanitary and unseaworthy living and working conditions aboard that vessel.

The United States has granted to its employees a remedy in workmen's compensation for disability resulting from personal injuries sustained in the performance of duty. 5 U.S.C.A. § 751. The United States moved for summary judgment on the ground that this compensation provides the exclusive remedy for plaintiff.

■ The plaintiff argued first that the Federal Compensation Act by its terms covers only injuries and not illnesses. That argument was rejected in that the Act specifically provides, 5 U.S.C.A. § 790(g), that the term "injury" includes, in addition to injury by accident, any disease proximately caused by the employment.

■ Plaintiff then advanced an ingenious and clever theory for imposing upon the United States the same duty to provide seaworthy vessels as is imposed on other shipowners. In Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952), which decision the Supreme Court expressly refused to reconsider and reaffirmed in Patterson v. United States, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971 (1959), the Supreme Court held that civilian seamen employed on public vessels operated by the United States are limited to the remedy of the Federal Employees' Compensation Act notwithstanding that they are also seamen, and refused to give them the rights enjoyed by seamen not employed by the United States. Plaintiff, however, argued that those cases were decided prior to the decision in Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963), and

that the holding in *Johansen* should be reconsidered in the light of *Yaka*. His argument was constructed as follows: in *Yaka* the shipowner (pro hac vice, as bareboat charterer) was also the stevedore; as shipowner he would be liable for damage caused by the unseaworthiness of his vessel; however, as stevedore and employer of the injured longshoreman he would be insulated from all liability other than that provided by Longshoremen and Harbor Workers' Compensation. Notwithstanding this insulation from liability that would be enjoyed by him in the capacity of stevedore, *Yaka* held he could not be relieved from the duties imposed upon him in his capacity as shipowner. Plaintiff argues here that an analogous situation exists: just as in *Yaka*, where the existence of a compensation act did not operate to eliminate the remedy that could be pursued against the employer but in his capacity as shipowner, so here, even though the United States is insulated from liability by the compensation act, it likewise should not be protected from suits brought against it in its capacity as shipowner, and thus that the rationale of the *Johansen* and *Patterson* cases should be reviewed in the light of *Yaka*.

■ This ingenious argument could not stand for the simple reason that the United States, unlike other shipowners, can be sued only upon its own terms because of its sovereign immunity. The Federal Employees' Compensation Act is the exclusive remedy, not so much for the reason that that Act makes it the exclusive remedy, but for the reason that that is the only manner in which the sovereign has consented to *be* liable.

"As the Government has created a comprehensive system to award payments for injuries, it should not be held to have made exceptions to that system without specific legislation to that effect." *Johansen,* supra, 343 U.S. at 441, 72 S.Ct. at 857.

For that reason, the doctrines enunciated in *Yaka* cannot be held applicable to the United States.

■ Our conclusions above were fortified by the then-recent decision of the Supreme Court in Amell v. United States, 384 U.S. 158, 86 S.Ct. 1384, 16 L.Ed.2d 445 (May 16, 1966). Not only were *Johansen* and *Patterson* given continued vitality by their citation therein for the proposition that the compensation remedy is exclusive for federal employees who are seamen, but also the holding itself gave us direction. The question involved was the proper jurisdiction to determine back pay claims of these federal seamen, and the Court chose as the remedial system the Tucker Act, which applies to all *federal employees* and sends them to the Court of Claims, rather than the Suits in Admiralty Act, which applies to all maritime claims and thus to all *seamen* and sends them to the District Courts. Thus, even where the Court actually had a choice between two overlapping statutes, it chose to classify these people as federal employees rather than seamen, and thereby further indicated the propriety of our limiting them to their compensation rights as federal employees. In the face of these Supreme Court decisions and the sovereign immunity doctrine, we were required to hold that the sole remedy available here was that of the federal employee—the Compensation Act—and not that of the seaman.

Thus, the motion for summary judgment was granted.