**Anna L. SCHWAGER, Administratrix of the Estate of Robert N. Schwager**

v.

**UNITED STATES of America.**

Civ. A. No. 41859.

United States District Court
E. D. Pennsylvania.

Feb. 16, 1968.

Benjamin Kuby, Klovsky, Kuby & Harris, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for the United States.

## OPINION AND ORDER

WOOD, District Judge.

This is a suit under the Federal Tort Claims Act brought for the redress of a sailor's death by his widow as administratrix of his estate. Plaintiff alleges that decedent while in the Philadelphia Naval Hospital died because of the negligence of the Hospital's agents from the time of his admission, March 12, 1966. The Government has moved for summary judgment, citing Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Attached to the motion is a certificate from the Department of the Navy stating that on March 31, 1966, the date of death, Schwager died on active duty.

Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) clearly established that the Government was not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries "arise out of or are in the course of activity incident to service." Subsequently, it was held in United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954) that a veteran was not barred from recovery for medical malpractice by doctors while treating an injury which had arisen out of war time service. Finally, it was decided in Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949) that a serviceman may recover for injuries which were not inflicted incident to his military service.

The *Feres* case involved three separate cases where servicemen were injured. Feres was a serviceman on base when the barracks in which he was quartered burned as the result of the negligence of the Government. Jefferson while on active duty was operated upon in an army institution and proved malpractice by the surgeon. In Griggs, the deceased was a lieutenant colonel on active duty and was admitted to an army hospital for treatment and surgery. He died there allegedly as the result of malpractice.

In *Brooks*, two brothers were enlisted men in the Army. While on leave or furlough and while driving their father on a public highway in a private car, their car collided with an army truck operated by a civilian member of the War Department. In *Brown*, plaintiff, while in active service injured his knee. After discharge, surgeons at a Veterans' Administration Hospital operated on the knee

and caused further damage through their negligence.

The reasoning given for the *Feres* decision has frequently been questioned and has in fact been felt to have been eroded.[1] The lower Federal Court cases have attempted some reconstruction of the policy reasons for the rule and have reached varying results on occasion.[2] Some have emphasized the necessity for military discipline while others have also been impressed by the availability of a comprehensive compensatory system.[3]

Recovery has been precluded in cases where a comprehensive compensatory system is available and where the United States had a special relationship with the claimant differing from that of the ordinary citizen.[4] In the future, that may become the prevailing rationale adopted either by the Supreme Court or Congress, where soldiers are suing. However, an automatic bar has not been leveled against the soldier and the *Feres* case was explained plausibly in United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963) and United States v. Brown, 348 U.S. 110, 112, 75 S.Ct. 141, 143, 99 L.Ed. 139 (1954) as necessary because of the "peculiar and special relationship of the soldier to his superiors, the effects of the maintenance of such suits on discipline, and the extreme results that might obtain if suits under the Tort Claims Act were allowed for negligent orders given or negligent acts committed in the course of military duty * * *"

The test itself has been elusive to define and apply. The Supreme Court did not explain precisely how the three cases in *Feres* were incident to military service. The rule extends obviously beyond the case where a soldier is acting in a combat or training situation or when acting pursuant to military orders or where military discipline is essential. Generally, the cases seem to have applied a "but for" test, determining if in fact because of the military service, a serviceman was involved in an accident.[5] The test is not applied blindly however, but calls for a certain degree of proximation of the serviceman's activities to the military.[6]

The result depends on an analysis of the relevant links between the "activity" and the service, and requires a measuring of the degree to which the activity is divorced from or related to military service. The courts have generally narrowly construed *Brooks* and have allowed recovery almost virtually only in automobile cases in relatively unambiguous situations. See 64 A.L.R.2d 679.

The motion for summary judgment must be denied. We cannot say on this record when drawing all reasonable inferences in favor of plaintiff, that reasonable men could not differ. Mere active service is not enough. It was brought out at the argument that Schwager was on leave, got sick at home, was brought first to a civilian hospital and then transported to the Naval Hospital. Whether his presence in a probable military context was incidental to military

1. See United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954); Lee v. United States, 261 F.Supp. 252 (C.D.Calif.1966).

2. See Lee v. United States, 261 F.Supp. 252 (C.D.Cal.1966); Watt v. United States, 246 F.Supp. 386 (E.D.N.Y.1965); Gursley v. United States, 232 F.Supp. 614 (D.Colo.1964).

3. An A.L.R. annotation completely covers all of the reported cases. See 64 A.L.R.2d 679 and Later Case Service.

4. United States v. Demko, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966);

Patterson v. United States, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971 (1959); Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952); Cf. United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963).

5. Gursley v. United States, 232 F.Supp. 614 (D.Colo.1964); Callaway v. Garber, 289 F.2d 171 (9th Cir. 1961); Chambers v. United States, 357 F.2d 224 (8th Cir. 1966).

6. Rich v. United States, 144 F.Supp. 791 (E.D.Pa.1956); Knecht v. United States, 144 F.Supp. 786 (E.D.Pa.1956).

service will better be determined after it is learned the base to which assigned, his military status at home and in the hospital, the reason for his being transported to a naval hospital and possibly who was the negligent person, if any.

It is possible for the Government to argue plausibly that the reasons given in *Brown* for the rule will be obtained here by granting summary judgment. However, the burden of proof is on the moving party on this motion and we cannot draw reasonable inferences in its favor. The chain of events relating to military service in Schwager's life seem to have been broken. There was no pattern which led him from his base to a hospital on base as in *Feres*.

Buer v. United States, 241 F.2d 3, 64 A.L.R.2d 674 (7th Cir.1956) is the closest analogy to this case of which we are aware. While recovery was precluded, plaintiff therein was a member of the Armed Forces stationed at the base and under the relevant army regulations was no longer on leave.

Motion denied.