**Anthony F. NOGA, Special Administrator of the Estate of Peter Anthony Noga, Deceased, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22165.**

United States Court of Appeals
Ninth Circuit.

April 25, 1969.

James D. Mart (argued), of Hoberg, Finger, Brown & Abramson, San Francisco, Cal., for appellant.

Carl Eardley, Washington, D. C. (argued), Edwin L. Weisl, Jr., Asst. Atty. Gen., Morton Hollander, William Kanter, Attys., Dept. of Justice, Washington, D. C., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

HAMLEY, Circuit Judge:

Peter Anthony Noga brought this action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 (1964). He sought damages for grievous personal injuries, from which he later died, sustained in an automobile accident. According to the complaint, the collision was caused by the negligence of the driver of the vehicle in which he was riding. The driver was a Government employee then acting within the scope of his employment.

The United States moved for summary judgment dismissing the action. The Government pointed out that plaintiff Noga was himself a Government employee acting within the scope of his employment at the time of the accident and asserted that his sole remedy against the Government is therefore under the federal employees compensation system.[1]

The motion was granted, the action was dismissed and plaintiff appeals.

Prior to the enactment, in 1961, of the Federal Drivers Act, 28 U.S.C. § 2679 (b)–(e) (1964), the exclusive remedy against the United States by a civilian employee for personal injuries sustained in the performance of his duties, as the result of the negligence of a fellow employee, was under the FECA.[2] But such injured civilian employee of the Government did have, prior to 1961, a common law tort remedy against the negligent fellow employee. See Allman v. Hanley, 5 Cir., 302 F.2d 559, 563.

The Federal Drivers Act was enacted to provide a method for the assumption by the Federal Government of responsibility for damage claims against its employees arising from their operation of motor vehicles while in the scope of Government employment. See S.Rept. No. 736, 87th Cong., 1st Sess., 2 U.S. Code Cong. and Admin.News 1961, page 2785. The statute accomplishes that purpose by immunizing individual federal drivers from personal suits and judgments arising out of accidents caused by their negligence. In lieu thereof, the Federal Drivers Act limits the plaintiff to his remedy against the United States under the Federal Tort Claims Act.[3]

1. The compensation system referred to is that provided by the Federal Employees' Compensation Act (FECA), 5 U.S.C. (Supp. II) (1967), §§ 8101 et seq. Plaintiff Noga had applied for and received compensation for his injuries under FECA, in the amount of $4,189.61 for the period covering August 25, 1964 through July 31, 1966. The minimum rate for total disability, beginning August 1, 1966, was $56.61 per week. Noga received this amount or more under FECA until his death on March 24, 1968. The special administrator of his estate was thereafter substituted for Noga in these court proceedings.

2. The exclusivity provision of FECA, 5 U.S.C. (Supp. II) (1967) § 8116(c), reads:
   "(c) The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United

States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. However, this subsection does not apply to a master or a member of a crew of a vessel."

3. Section 2679(b), as amended, 80 Stat. 307 (1966), 28 U.S.C. (Supp. II) § 2679 (b) reads:
   "(b) The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within

If the exclusivity provision of the FECA, quoted in note 2, is applied, however, the Federal Drivers Act remedy is not available if the plaintiff is himself a federal employee acting within the scope of his employment. Noga would avoid this result by disregarding the exclusivity provision of FECA where the tort-feasor is a Government employee acting within the scope of his employment. Noga would, in these circumstances, characterize the United States as a technical defendant substituted in place of the negligent federal driver.

■ We do not believe plaintiff's proposed solution is permissible under the exclusivity provision of the FECA. The statutory language, quoted in note 2, is not ambiguous. It states that the United States is not liable under the FECA and the Federal Tort Claims Act, but only under the FECA. This provision was not tampered with in the Federal Drivers Act.[4] We therefore see no room for a construction of these Acts which, contrary to the exclusivity provision of the FECA, would give federal employees another remedy against the Government where the tort-feasor is covered by the Federal Drivers Act.

We do not believe that the Supreme Court decisions cited by plaintiff require a different reading of congressional intent. The cases of Jackson v. Lykes Steamship Co., 386 U.S. 731, 87 S.Ct. 1419, 18 L.Ed.2d 488, and Reed v. SS YAKA, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448, not only involved considerations peculiar to the law of admiralty, but also dealt solely with the rights of maritime employees against their private employers. With regard to the rights of maritime employees of the United States, the Supreme Court has held that the FECA provides the sole and exclusive remedy against the Government. Patterson v. United States, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971; Johansen v. United States, 343 U.S. 427, 72 S. Ct. 849, 96 L.Ed. 1051.[5]

Plaintiff argues that if the Federal Drivers Act is construed as barring recovery by him on the basis of common law tort from both the United States and the negligent fellow employee, he will be deprived of due process of law as guaranteed by the Fifth Amendment.

■ In this case plaintiff Noga sued only the United States. There has never been a common law right by an injured person, Government employee or otherwise, to recover damages from the United States by reason of the negligence of a Government employee. Therefore, neither the Federal Drivers Act nor the FECA deprived plaintiff of a preëxisting common law remedy against the Government. Whether the Federal Drivers Act, in insulating federal drivers from a preëxisting common law right of action for damages brought by a fellow employee, constitutes a deprivation of due process, is a question not presented here since Noga did not sue the driver.

The result we reach in this case is in accord with that recently reached in two cases before the Sixth Circuit. See Gilliam v. United States, 6 Cir., 407 F. 2d 818. Vantrease v. United States, 6 Cir., 400 F.2d 853. See also, Van Houten v. Ralls and Byington, 9 Cir., 411 F. 2d 940, filed today.

Affirmed.

---

the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."

4. We note that, in the course of recodifying Title 5 of U.S.C., this exclusivity provision was reënacted on September 6, 1966, five years after the original enactment of the Federal Drivers Act. See 80 Stat. 542 (1966).

5. The continued vitality of the *Patterson* and *Johansen* decisions is demonstrated by the Supreme Court's decisions in United States v. Demko, 385 U.S. 149, 151–152, 87 S.Ct. 382, 17 L.Ed.2d 258 and Amell v. United States, 384 U.S. 158, 160–161, 86 S.Ct. 1384, 16 L.Ed.2d 445. Moreover, in Aho v. United States, 5 Cir., 374 F.2d 885, the Fifth Circuit rejected the contention plaintiff here advances, holding that the *YAKA* case did not apply to Government seamen.