Sarah SCHWARTZBORD, Plaintiff,

v.

UNITED STATES of America, Veterans Administration and Mount Sinai Hospital, Defendants.

No. 82 Civ. 1929 (RLC).

United States District Court,
S.D. New York.

Oct. 31, 1983.

Preston A. Leschins, New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant United States of America; Sally Lord, Asst. U.S. Atty., of counsel.

Bower & Gardner, New York City, for defendant Mt. Sinai Hosp.; Michael Yoeli, New York City, of counsel.

OPINION

ROBERT L. CARTER, District Judge.

Plaintiff Sarah Schwartzbord brought this suit against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* ("FTCA"), seeking $3,000,000 in damages for injuries she allegedly suffered as a result of defendant's negligence. On March 28, 1980, while plaintiff was working as a physician in the emergency room at the Veterans Administration Medical Center in Bronx County, New York ("V.A. Hospital"), she was taken hostage by a man who held a gun to her head for 45 minutes. Plaintiff claims that the gunman was able to enter the emergency room because the defendant negligently failed to provide adequate security. Complaint ¶ 8.

The United States denies that the court has jurisdiction over the subject matter of the action. The government contends that plaintiff was a federal employee at the time of the hostage incident and that her sole remedy is, therefore, under the Federal Employees' Compensation Act, 5 U.S.C. §§ 7902, 8101 *et seq.* ("FECA"). Plaintiff does not dispute the principle that a federal

employee injured on the job is limited to the FECA and cannot sue the government under the FTCA, 5 U.S.C. § 8116(a); *Patterson v. United States*, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971 (1959); *Griffin v. United States*, 703 F.2d 321 (8th Cir.1983), but argues that she was not, in fact, a government employee at the time. Rather, plaintiff maintains, she was an employee of Mt. Sinai Hospital working at the V.A. Hospital under a joint program administered by the two hospitals.

■ The question of plaintiff's employment status was previously presented to the court by the government's motion to dismiss the complaint under F.R.Civ.P. 12(b)(1). The court denied that motion and ordered an evidentiary hearing, finding that the allegations of the complaint and answer, standing alone, did not permit a determination of this factual issue. The government has now submitted documentary evidence, affidavits and deposition testimony in support of its contention that plaintiff was a federal employee at the time of the hostage incident, and, based on this employment status, seeks summary judgment pursuant to F.R.Civ.P. 56.

The evidence submitted by defendant gives a strong indication that plaintiff was employed by the V.A. Hospital. The letter appointing plaintiff as a first year resident is on V.A. Hospital stationery, is signed by a personnel officer of the V.A. Hospital and makes no mention of Mt. Sinai. Exh. E to Lord Aff. Veterans Administration "Request for Personnel Action" forms, which document plaintiff's appointment and resignation, designate the Bronx V.A. Hospital as her employing office and, again, make no mention of Mt. Sinai. Exhs. G, H to Lord Aff. Plaintiff's letter of resignation is directed to Dr. Herbert Marks, Chief of Medical Service at the V.A. Hospital. Exh. F to Lord Aff. At her deposition, plaintiff acknowledged that her salary checks came from the United States. Schwartzbord Dep. pp. 11–12. Finally,

Barbara Gold, an Administrative Assistant at Mt. Sinai, stated in her affidavit that any physician seeking employment at Mt. Sinai would have to submit an application to Mt. Sinai and, if hired, would receive a contract from that hospital. Mt. Sinai has no record of receiving an application from, or issuing a contract to plaintiff. Gold Aff. ¶¶ 3, 4.

Nevertheless, questions remain. The letter offering a residency to plaintiff states that her appointment was recommended by the Dean's Committee of Mt. Sinai. Exh. C to Schwartzbord Aff. More importantly, the certificate acknowledging plaintiff's satisfactory performance as a resident states that she served as a resident "at the Bronx V.A. Medical Center, and the Mt. Sinai Medical Center." Exh. B to Schwartzbord Aff. At her deposition, plaintiff testified that she attended rounds and teaching seminars at Mt. Sinai and that she practiced medicine there as well. Schwartzbord Dep. p. 93.

An evidentiary hearing is required to determine precisely what relationship Dr. Schwartzbord had with the Mt. Sinai Medical Center. The government has not accounted for the certificate indicating that plaintiff was a resident at Mt. Sinai,[1] nor has it sufficiently explained why, or under whose supervision, plaintiff treated patients at Mt. Sinai. The role of the Mt. Sinai Dean's Committee in plaintiff's appointment as a resident is also unclear. While defendant has argued persuasively that plaintiff was a V.A. Hospital employee, the matter is not so free of doubt as to permit summary judgment at this time. *See generally,* 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2725 (1983) (summary judgment inappropriate if doubt exists as to material fact).

■ The government also moves for summary judgment on the independent ground that plaintiff failed to initiate this suit within six months after the Veterans Administration mailed its notice of final denial of plaintiff's administrative claim.

---

1. Counsel for Mt. Sinai, in his affidavit, questions the authenticity of the certificate, Yoeli Aff. ¶ 6, but the validity of the document is a

question of fact that cannot be resolved on this motion for summary judgment.

28 U.S.C. 2401(b). Although plaintiff alleges that she was ignorant of the denial, the uncontradicted evidence submitted by defendant indicates that the notice was sent to Mr. Figman, the attorney who submitted the claim on plaintiff's behalf, on March 20, 1981. Exhs. C, K to Lord Aff. This action was not filed until March 26, 1982.

Plaintiff is barred by the Statute of Limitations, however, only if the notice sent to Mr. Figman by the V.A.'s District Counsel, S.A. Camm, was a "final denial" of plaintiff's administrative claim, within the meaning of § 2401(b). If the Camm letter was not a final denial, plaintiff had the option to file suit at any time, once six months had elapsed from the filing of her administrative claim. 28 U.S.C. § 2675(a). On its face, Camm's letter does not state that plaintiff's claim had been denied, but only that her claim form (Standard Form 95) was being returned because plaintiff could not, as a federal employee, bring a claim against the government other than under the FECA. More significantly, the letter informed plaintiff of neither her right to appeal the denial to the General Counsel of the V.A., nor her right to file suit in district court within six months. The V.A.'s own regulations require a notice of final denial to inform the claimant of those rights. 38 C.F.R. § 14.608(a). The parties have not yet addressed the question of whether the Camm letter was a proper notice of final denial, and they are directed to do so at the evidentiary hearing.

 Plaintiff has also sued Mt. Sinai Hospital, the court's jurisdiction resting on diversity of citizenship. Mt. Sinai has moved for summary judgment on the ground that it owed the plaintiff no duty the breach of which could give rise to liability. This contention is premised on the assumption that no employer-employee relationship existed between Mt. Sinai and plaintiff. The determination of plaintiff's employment status must await an evidentiary hearing and the motion cannot, therefore, be granted.

An evidentiary hearing will be held promptly to resolve the question of the court's subject matter jurisdiction over plaintiff's claim against the government and the related question of the sufficiency of the claim against Mt. Sinai. Defendants' motions for summary judgment are denied.

IT IS SO ORDERED.