# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31046
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2017

Lyle W. Cayce
Clerk

ROBERT DALLAS,

      Plaintiff - Appellant

v.

UNITED STATES OF AMERICA, as the United States Army Corps of
Engineers,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-10736

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

    Plaintiff–Appellant Robert Dallas brings this suit against Defendant–
Appellee the United States Army Corps of Engineers (the Corps) seeking
compensation for injuries he sustained during the course of his employment as
a Corps civil service employee. Dallas worked as the master of a tow boat
owned by the Corps, the M/V Bienville. On April 17, 2014, while working

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-31046

aboard the M/V Bienville, Dallas was seriously injured by a free-swinging survey vessel that was suspended by the crane of a derrick barge, all of which were owned by the Corps. Following the accident, Dallas received federal workers' compensation benefits for his injuries.[1] On June 17, 2016, Dallas brought the instant suit for damages under the Jones Act[2] and general maritime law, alleging that his injuries were caused by the Corps' negligence and that the M/V Bienville was unseaworthy. He also alleged mishandling of his workers' compensation claim. As redress, he sought "full compensatory damages for pain and suffering, disability, loss of enjoyment of life, medical expenses, economic losses, maintenance and cure," along with attorneys' fees and costs.

The Corps moved to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, which Dallas opposed. On September 15, 2016, the district court granted the motion to dismiss on the basis of lack of subject matter jurisdiction. The district court agreed with the Corps that the Federal Employees' Compensation Act (FECA) sets out the exclusive remedy for Dallas's injuries and therefore concluded that it did not have subject matter jurisdiction to consider his claims. Dallas timely appealed.

We review a district court's dismissal for lack of subject matter jurisdiction de novo. *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016). Dallas argues on appeal that the district court erred in dismissing his complaint for lack of subject matter jurisdiction. Specifically, Dallas argues that, by its plain text, FECA does not apply to him and thus does not deprive the district court of jurisdiction over his suit. FECA contains an exclusive

---

[1] Under the Federal Employees Compensation Act (FECA), the Government is required to "pay compensation . . . for the disability . . . of an employee resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102(a).

[2] The Jones Act permits "[a] seaman injured in the course of employment . . . to bring a civil action at law . . . against the employer." 46 U.S.C. § 30104.

remedy provision, which instructs that the compensation it provides is the exclusive remedy for injured employees:

> The liability of the United States or an instrumentality thereof under [FECA] . . . with respect to the injury . . . of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury . . . in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c). But FECA also provides an exception to this exclusivity provision, expressly stating that it "does not apply to a master or a member of a crew of a vessel." *Id.*

Despite this seemingly clear exception, the Supreme Court has long interpreted FECA to be "the exclusive remedy for civilian seamen on public vessels," regardless of whether they are a master or crewmember of the vessel. *Johansen v. United States*, 343 U.S. 427, 441 (1952); *see also Patterson v. United States*, 359 U.S. 495, 496 (1959) (per curiam) (declining to reconsider whether *Johansen* was correctly decided and reaffirming that FECA "'is the exclusive remedy for civilian * * *' employees of the United States on government vessels engaged in public service" (quoting *Johansen*, 359 U.S. at 496 (omission in original)). We have consistently cited *Johansen* and its progeny in affirming dismissals of suits seeking compensation for injuries to a seaman aboard a public vessel. *See Hill v. U.S. Army Corps of Eng'rs*, 20 F.3d 466, at *1 (5th Cir. 1994) (per curiam) (unpublished) (affirming dismissal and finding that appeal was frivolous); *Johnson v. United States*, 402 F.2d 778, 779 (5th Cir. 1968) (per curiam) ("[*Johansen* and its progeny] compel the conclusion that a seaman who was injured in the course of his employment as a federal employee . . . is limited to the benefits provided under the terms of [FECA] and,

therefore, such seaman may not maintain a suit for damages against the Government.").

While acknowledging this clear and controlling authority from the Supreme Court and this court, Dallas nonetheless argues that, as a vessel master, he is exempted from FECA's exclusivity provision. He contends that *Johansen* was wrongly decided because its interpretation of FECA is contrary to the statute's plain text and legislative history. But we are not at liberty to consider whether a Supreme Court decision was wrongly decided. *See Johnson v. Heublein, Inc.*, 227 F.3d 236, 244 (5th Cir. 2000). To the contrary, we have a "duty" to follow such precedent and "may not reject, dismiss, disregard, or deny" it. *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000) (per curiam) (quoting *Hopwood v. State of Tex.*, 84 F.3d 720, 722 (5th Cir. 1996))*, abrogated on other grounds by United States v. Reyna*, 358 F.3d 344 (5th Cir. 2004). This bedrock principle is all the more true when the Supreme Court itself has expressly declined to reconsider a particular precedent. *See Patterson*, 359 U.S. at 496. We are therefore bound by *Johansen*'s directive that FECA is "the exclusive remedy for civilian seamen on public vessels." 343 U.S. at 441. Dallas was a civilian seaman on a publicly owned vessel and, accordingly, *Johansen* compels the conclusion that his suit is barred by FECA's exclusive remedy provision. The district court did not err in dismissing his suit for lack of subject matter jurisdiction.[3]

The judgment of the district court is AFFIRMED.

---

[3] Because we affirm the district court's dismissal on this ground, we do not address the Corps' alternative argument that Dallas's suit is time-barred.