Agnes V. McNICHOLAS, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 63 C 1537.

United States District Court
N. D. Illinois, E. D.

Jan. 13, 1964.

Leonard E. Handmacher, Chicago, Ill., for plaintiff.

Frank E. McDonald, U. S. Atty., for Northern Dist. of Illinois, and Barry Freeman and Jack B. Schmetterer, Asst. U. S. Attys., for defendant.

WHAM, District Judge.

The captioned cause came on for hearing on the Motion of the defendant UNITED STATES OF AMERICA entered herein November 21, 1963, to dismiss this action, under Rule 12(b) of the Federal Rules of Civil Procedure. The Motion was based on the assertion that plaintiff at the time of her alleged accident was engaged as a volunteer in providing recreational activities for patients of a Veterans Administration Hospital with the prior approval and consent

of that hospital, and that by reason of such volunteer work she became an "employee" of the United States of America and ineligible to bring her action here under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The United States filed its brief in support of this Motion, plaintiff filed her brief and two affidavits in opposition to the Motion, and the United States filed its reply brief and two affidavits by way of additional reply. The Court having considered the Complaint, the said Motion, briefs, and affidavits, and having heard the arguments of counsel and being fully advised in the premises, now enters the following findings of fact, conclusions of law and order:

## FINDINGS OF FACT

1. Plaintiff was a member of a volunteer organization which, in the words of her complaint, was engaged on the day of the alleged accident

"* * * in providing recreational activities for patients of the West Side Veterans Administration Hospital at 820 South Damen Avenue in the City of Chicago, and State of Illinois, by providing refreshments and entertainment for said patients with the prior approval and consent of the Recreational Director and officials of said hospital * *"

2. Plaintiff was herself present on the day of the alleged accident to participate personally in the activities of her volunteer organization. As stated in her affidavit filed as part of her brief in opposition to the Motion of the United States, she had herself brought coffee and cookies that were to be served as part of the activities on the day, and

"* * * that her purpose, and the purpose of the other ladies, in being present on the date in question was to assist in the conduct of a bingo game for the patients, and to provide prizes for the winners * * *"

3. The alleged accident took place while plaintiff was present in the hospital as a member of her volunteer group,

present for the purposes thus stated by her, in a room where those purposes were being carried out.

4. No allegation has been made by either party that an express contract or agreement of employment existed between plaintiff and the United States of America, and the allegations by plaintiff in her affidavit that no express agreement or contract was ever made are taken as true for purposes of considering the Motion of defendant.

5. No allegations have been made by either party that plaintiff was to be compensated in any form or amount, or ever was compensated, for her services, and the allegations by plaintiff in her affidavit that her services were wholly voluntary and uncompensated are taken as true for purposes of considering the Motion of defendant.

## CONCLUSIONS OF LAW

From the foregoing facts the Court concludes that:

■ 1. An employee of the United States to whom the Federal Employees' Compensation Act is available is precluded from recovery under the Federal Tort Claims Act. Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952); Patterson v. United States, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971 (1959); United States v. Meyer, 200 F.2d 110, (C.A.5, 1952); Sasse v. United States, 201 F.2d 871 (C.A.7, 1953).

■ 2. The question of whether an employment relationship existed between the plaintiff and the United States of America must be determined by reference to Federal law. Pattno v. United States, 311 F.2d 604 (C.A.10, 1962); Courtney v. United States, 230 F.2d 112, 114, 57 A.L.R.2d 1444 (C.A.2, 1956); United States v. Sharpe, 189 F.2d 239, 241 (C.A.5, 1951).

3. The Federal Employees' Compensation Act includes as employees of the United States

"[P]ersons rendering personal services of a kind similar to those

of civilian officers or employees of the United States to any department, independent establishment, or agency thereof * * * without compensation or for nominal compensation, in any case in which acceptance or use of such services is authorized by an Act of Congress * * *."

Title 5 U.S.C. § 790(b) (2).

■ 4. Plaintiff, when injured, was providing recreational supplies and services which the Administrator of the Veterans Administration is authorized by law to provide. Title 38 U.S.C. § 233(3). Plaintiff was volunteering those supplies and services without compensation, and the Administrator is authorized by law to accept such volunteered services. Title 38 U.S.C. § 213. Accordingly, plaintiff was "rendering personal services * * * authorized by an Act of Congress" as contemplated by the Federal Employees' Compensation Act. She was therefore an "employee" under Federal law within the meaning of the Federal Employees' Compensation Act.

■ 5. The "duty" of plaintiff in her employment, though voluntary, was to provide food, assist in games, and help in related recreational activities. Since she was in the correct place to help carry out that duty, during a time her purposes were being carried out, and was standing available to help when allegedly injured, her injury was received "while in the performance of (her) duty" under the meaning of Title 5 U.S.C. § 751(a), and she is accordingly entitled to Federal Employees' Compensation Act benefits.

■■ 6. This finding is within the intent of Congress to protect those who volunteer their services under prescribed conditions. U. S. Code Congressional Service, 81st Congress, 1st Session, 1949; pages 2133–2134. Plaintiff can claim both medical treatment for her injuries under Title 5 U.S.C. § 759(a), and compensation for injuries according to a formula that covers her even though not salaried, under Section 762(c) (2)

(D) of that Title. She is both protected and—as in the case of all Federal employees—she is relegated to a claim under the Federal Employees' Compensation Act as her exclusive remedy.

Wherefore, the Court having made the aforesaid findings of fact and conclusions of law, and being fully advised in the premises,

It is hereby ordered that the Motion of the defendant UNITED STATES OF AMERICA to dismiss this action be and the same is hereby sustained, and that this cause and action and the Complaint herein be and they are hereby dismissed with prejudice, and that the defendant UNITED STATES OF AMERICA shall go hence without day.