**Minna LEVINE and Harry Levine, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 78–2762–C.**

United States District Court,
D. Massachusetts.

Nov. 5, 1979.

---

Gordon A. Martin, Jr., Sondra Long Shick, Martin, Morse, Wylie & Kaplan, Boston, Mass., for plaintiffs.

Asst. U. S. Atty. Donald R. Anderson, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action in which plaintiff Minna Levine seeks recovery against the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., for injuries received at the Jamaica Plain Veterans Administration Hospital on June 9, 1977. Her husband, Harry Levine, is also a plaintiff in this action and seeks recovery for loss of consortium. The jurisdiction of this Court is invoked under 28 U.S.C.A. § 1346(b).

This matter is now before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Taking the allegations of plaintiffs' complaint as true for purposes of this motion, it appears that at the time of the accident Mrs. Levine was at the Veterans Administration Hospital in her capacity as a volunteer worker. She sustained injuries when she tripped over a raised doorway. After the accident, Mrs. Levine's supervisor filed a claim with the Department of Labor for an award under the Federal Employees Compensation Act, 5 U.S.C.A. § 8101 et seq. Mrs. Levine did not sign that claim and on March 17, 1978 she filed a claim under the Federal Tort Claims Act.

On December 7, 1978, after commencing this action, Mrs. Levine received a letter from the Department of Labor awarding her compensation in the amount of $4,553. She did not accept this award and filed an appeal contesting the amount of the award. During the pendency of that appeal, plaintiff requested, and was granted, an extension of time to oppose defendant's motion to dismiss, stating that she might be "made whole" as a result of the administrative proceedings and, if so, would withdraw her claim under the Tort Claims Act. The Department of Labor has since denied her appeal.

■ The defendant contends that this Court lacks subject matter jurisdiction over the claim of Mrs. Levine because she has already been awarded compensation under the Compensation Act and because the liability of the United States under that Act is exclusive of liability under the Tort Claims Act. I agree. The Compensation Act is the exclusive means by which federal employees may recover for employment-related injuries. 5 U.S.C.A. § 8116(c). *Newport Air Park, Inc. v. United States*, 419 F.2d 342, 343–44 (1st Cir. 1969). As long as there is a substantial question of coverage, a federal employee is obligated to press his claim under the Compensation Act and not under the Tort Claims Act. *Somma v. United States*, 283 F.2d 149, 150–51 (3rd Cir. 1960); *Reep v. United States*, 557 F.2d 204, 207 (9th Cir. 1977). In the instant case, the Secretary of Labor allowed recovery and, in so doing, necessarily determined that Mrs. Levine was a federal employee and that her injury was employment-related. I note that it has been held that a volunteer worker at a Veterans Administration Hospital is a federal employee and entitled to an award under the Compensation Act. *McNicholas v. United States*, 226 F.Supp. 965, 968 (N.D. Ill.1964). In any event, the Secretary's determination in this case is not reviewable by this Court. 5 U.S.C.A. § 8128(b). On the basis of the foregoing, I rule that Mrs. Levine has no Federal Tort Claims Act claim and this Court is without subject matter jurisdiction. Mrs. Levine's claim under the Tort Claims Act should therefore be dismissed.

■ The defendant also moves to dismiss the claim by Mr. Levine for loss of consortium. The defendant contends that the award to Mrs. Levine under the Compensation Act bars a separate action by her spouse under the Federal Tort Claims Act for loss of consortium.

The exclusivity provision of the Compensation Act clearly states that the liability of the United States thereunder "is exclusive and instead of all other liability of the United States . . . to the employee, his legal representative, *spouse*, dependents, next of kin, and any other person otherwise entitled to recover damages . . . ." 5 U.S.C.A. § 8116(c) (emphasis added). It is well-settled that this language precludes a separate action by a spouse under the Tort Claims Act for loss of consortium. *Thol v. United States*, 218 F.2d 12, 13–14 (9th Cir. 1954); *Underwood v. United States*, 207 F.2d 862, 864 (10th Cir. 1953). Since Mr. Levine has no federal Tort Claims Act claim, this Court also lacks subject matter jurisdiction of his claim and it also should be dismissed.

Order accordingly.