James SOWELL, Plaintiff–Appellant, Cross–Appellee,

v.

AMERICAN CYANAMID COMPANY, a Maine corporation, Robert A. Deschambault, an individual, K. Chavis General Contractors, Inc., J.B. Converse Company, Inc., Engineers, Defendants–Appellees,

Sidney Jay Harrison, Defendant–Appellee, Cross–Appellant.

No. 88–3044.

United States Court of Appeals, Eleventh Circuit.

Nov. 20, 1989.

Rehearing and Rehearing In Banc Denied Dec. 29, 1989.

George W. Estess, Pensacola, Fla., Joel S. Perwin, Miami, Fla., for plaintiff-appellant, cross-appellee.

Donald H. Partington, Pensacola, Fla., for American Cyanamid Co.

Edmund D. Quintana, Panama City, Fla., for J.D. Converse Co., Inc.

S. William Fuller, Jr., Tallahassee, Fla., William H. Clark, Pensacola, Fla., for K. Chavis General Contractors, Inc.

Sidney Jay Harrison, Cantonment, Fla., pro se.

Richard A. Olderman, Dept. of Justice, Civ. Div., Appellate Staff, Washington, D.C., for intervenor.

Before FAY, Circuit Judge,
RONEY *, Senior Circuit Judge, and
ALLEN **, Senior District Judge.

ALLEN, Senior District Judge.

In this product liability and negligence suit, plaintiff Sowell is appealing the judgment notwithstanding the verdict entered by the trial court for American Cyanamid Company and J.B. Converse Company, Inc., which set aside a jury verdict of $1,200,000.00 for the plaintiff.

Plaintiff was an employee of the Public Works Department at the Naval Air Station in Pensacola, who was assigned the task of welding a tank at the Naval Air Base. The tank was designed by Converse and contained sulfuric acid supplied by American Cyanamid. The tank exploded while plaintiff was performing his welding job, causing him serious and permanent injuries.

The tank exploded as a result of the tendency of sulfuric acid, when combined with hydrogen, to cause an explosion. No warning signs were placed on the tank; but in order for plaintiff to begin his welding job, he had to secure what is known as a burn permit from the Navy. An individual defendant, Sidney J. Harrison, had given permission to plaintiff to commence the welding. The jury returned a verdict against Harrison upon a theory of negligence, which the trial court upheld. Harrison has cross-appealed.

■ In the trial court's opinion, it stated that plaintiff was not a user of the product and that the intervening negligence of the Navy defeated plaintiff's right to recover. The trial court's holding that plaintiff was not a user was clearly in contravention of Florida law, which has adopted the Restatement (Second) of Torts § 402(a). Section 402(a) protects not only purchasers of dangerous products, but also bystanders and ultimate users. Here, plaintiff was the ultimate user and was entitled to the protection afforded by § 402(a). *See Tampa Drug Company v. Wait*, 103 So.2d 603 (Fla.1958).

■ As to the question of intervening negligence, the Court is of the opinion that a jury question was presented with respect to the corporate defendants' exercise of reasonable care under the Restatement (Second) of Torts § 388. Section 388 provides that liability arises when the seller, having reason to know that its product is likely to be dangerous for its intended use, and having no reason to believe that the intended user will realize its dangerous condition, nevertheless fails to exercise reasonable care to inform the user of the dangerous condition.

Comment n to § 388 states, in part, as follows:

[W]hile it may be proper to permit a supplier to assume that one through whom he supplies a chattel which is only slightly dangerous will communicate the information given him to those who are to use it unless he knows that the other is careless, it may be improper to permit him to trust the conveyance of the necessary information of the actual character of a highly dangerous article to a third person of whose character he knows nothing. It may well be that he should take the risk that this information may not be communicated.... [I]f the danger involved in the ignorant use of a

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Charles M. Allen, U.S. District Judge for the Western District of Kentucky, sitting by designation.

particular chattel is very great, it may be that the supplier does not exercise reasonable care in entrusting the communication of the necessary information even to a person whom he has good reason to believe to be careful. Many such articles can be made to carry their own message to the understanding of those who are likely to use them by the form in which they are put out, by the container in which they are supplied, or by a label or other device, indicating with a substantial sufficiency their dangerous character. Where the danger involved in the ignorant use of their true quality is great and such means of disclosure are practicable and not unduly burdensome, it may well be that the supplier should be required to adopt them.

Florida also has adopted § 388. *Tampa Drug Co. v. Wait*, 103 So.2d 603 (Fla.1958). Here, the basic issue is whether the corporate defendants discharged their duty to warn the plaintiff. Even though Converse supplied a manual to the Navy regarding the dangers posed by the use of the product, "[t]he determination of whether [that] method ... [of warning was] sufficient [depends] upon a balancing of considerations, [including], among other factors, the dangerous nature of the product, the form in which it is used, the intensity and form of the warnings given, the burdens to be imposed by requiring warnings, and the likelihood that the particular warning will be adequately communicated to those who will foreseeably use the product." *Dougherty v. Hooker Chemical Corp.*, 540 F.2d 174, 179 (3d Cir.1976), citing, among other cases, *Tampa Drug Company, supra*. As *Dougherty* holds, "the determination as to whether [these duties have] been reasonably discharged comes within the function of the trier of fact." 540 F.2d at 179.

Plaintiff presented to the jury an expert who testified that in light of the potential danger posed by the presence of sulfuric acid in the tank, a visual and dramatic warning should have been afforded by the corporate defendants. He also was of the opinion that although Converse had supplied a manual to the Navy, this did not meet Converse's duty to adequately warn

ultimate users. The expert also testified that American Cyanamid could have required its drivers to deliver to the manager of the Navy plant information which they were required by the Department of Transportation to carry on route as to the hazards presented by the sulfuric acid.

The testimony of the expert presented an issue of fact as to whether the corporate defendants had complied with their duties under § 338. Therefore, the trial court erred in entering a judgment notwithstanding the verdict for the corporate defendants, and we reverse and direct the trial court to reinstate the jury verdict in the amount of $1,200,000.

With respect to the cross appeal by individual defendant Harrison, the record reflects that having been sued in his individual capacity, along with Robert Deschambault, a federal co-employee, after removing the case from state court to U.S. District Court, they moved to dismiss, or in the alternative, for summary judgment on the grounds that they were absolutely immune under the doctrine of official immunity announced in *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). The district court denied defendants' motion, holding that while acting within the scope of their employment, they had not shown that they exercised a degree of discretion sufficient to entitle them to immunity. An interlocutory appeal was taken to this Court, which affirmed without opinion. *Sowell v. American Cyanamid Company*, 791 F.2d 170 (11th Cir.1986), *cert. denied*, 484 U.S. 1025, 108 S.Ct. 747, 98 L.Ed.2d 760 (1988).

A petition for a writ of certiorari was filed by the Solicitor General of the United States on behalf of both Harrison and Deschambault. The petition was denied as was a motion for a stay of all trial proceedings pending a decision in *Westfall v. Erwin*, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988).

Although Harrison has been represented on this appeal by private counsel, the United States has moved to be substituted for him because of the passage of the Federal

Employees Liability Reform and Tort Compensation Act of 1988, Pub.L. No. 100–694 (1988 Act). The United States also has moved to dismiss for lack of subject matter jurisdiction.

■ President Reagan signed the 1988 Act on November 18, 1988, on which date it became effective. The law provides for the substitution of the United States as a defendant in any action where one of its employees is sued for damages as a result of an alleged common law tort having been committed by the federal employee. The new law also provides the exclusive remedy for injuries to persons or property arising from the tortious acts of federal employees acting within the scope of their employment. § 5 of the 1988 Act. Here, the Department of Justice has determined that Harrison was acting within the scope of his employment, a determination which is obviously correct in light of the testimony at trial.

■ Therefore, it follows that the United States should be substituted for the federal employee pursuant to the 1988 Act unless the Act is unconstitutional in its application to this particular case. The great weight of authority upholds the constitutionality of this statute. Several statutes have been passed in recent years substituting the United States as a defendant for its employees or contractors and denying the right of recovery against the individual defendants, placing the responsibility for their actions upon their employer, the government. *See, e.g., In re Consol. United States Atmospheric Testing Litigation,* 820 F.2d 982 (9th Cir.1987), *cert. denied,* 485 U.S. 905, 108 S.Ct. 1076, 99 L.Ed.2d 235 (1988) (Nuclear Energy Authorization Act of 1985); *Ducharme v. Merrill–National Laboratories,* 574 F.2d 1307 (5th Cir.), *cert. denied,* 439 U.S. 1002, 99 S.Ct. 612, 58 L.Ed.2d 677 (1978) (Swine Flu Act); *Carr v. United States,* 422 F.2d 1007 (4th Cir.1970) (Federal Drivers Act).

The fact that the statute is retroactive does not make it unconstitutional as a legal claim affords no definite or enforcible property right until reduced to final judgment. *Atmospheric Testing Litigation,* 820 F.2d

982 (9th Cir.1987), *cert. denied,* 485 U.S. 905, 108 S.Ct. 1076, 99 L.Ed.2d 235 (1988); *Hammond v. United States,* 786 F.2d 8 (1st Cir.1986).

In enacting the 1988 Act, Congress found that the Supreme Court's decision in *Westfall v. Erwin,* 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), seriously erodes the common law tort immunity previously available to federal employees and creates an immediate crisis involving the prospect of personal liability, and that the threat of protracted personal tort litigation would seriously undermine the morale and well-being of federal employees, impede the ability of agencies to carry out their missions, and diminish the vitality of the Federal Tort Claims Act as the proper remedy for federal employee torts. Congress also recognized that plaintiffs could also benefit from the new legislation in that they would have an administrative claim against the government which could be resolved without costly litigation; and perhaps most importantly, the government would be able to pay any judgment whereas an individual federal employee might be judgment proof.

■ The judgment which plaintiff received against Harrison as a result of the jury verdict and its upholding by the trial court must be set aside. The record reflects that Sowell was a government employee who received benefits under the Federal Employees' Compensation Act, 5 U.S.C. § 8101 *et seq.* The Act authorizes no fault compensation when a federal employee incurs an injury on the job. The statute also precludes an employee who receives benefits under the statute from asserting any other claims against the United States. *Lockheed Aircraft Corp. v. United States,* 460 U.S. 190, 193–194, 103 S.Ct. 1033, 1036–1037, 74 L.Ed.2d 911 (1983); *Avasthi v. United States,* 608 F.2d 1059, 1060 (5th Cir.1979); *see also,* 5 U.S.C. § 8116 (liability of the United States for the injury or death of an employee is exclusive).

In light of the undisputed facts concerning Harrison's employment by the government and receipt of benefits, the motions of the United States for substitution and for

dismissal must be granted. Therefore, the district court will enter judgment for the substituted defendant and set aside its judgment against Harrison.

REVERSED and REMANDED.