Jim L. CONNELL, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 86–116–D–2.

United States District Court, S.D. Iowa, Davenport Division.

March 5, 1990.

**62**

Jack E. Dusthimer, John J. Carlin, Davenport, Iowa, for plaintiffs.

Christopher D. Hagen, Richard L. Richards, U.S. Attorney's Office, Des Moines, Iowa, for defendant.

RULING GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ORDER FOR DISMISSAL

VIETOR, Chief Judge.

The court has before it defendant United States of America's motion for summary judgment. Plaintiffs have resisted the motion but do not dispute defendant's statement of facts. The court heard oral arguments on February 21, 1990.

Plaintiffs are husband and wife. Plaintiff Jim Connell was a civilian employee of the defendant, United States of America, Department of the Army, Rock Island Arsenal, Rock Island, Illinois. On April 18, 1985, Mr. Connell was injured while he was performing friction and pressure tests on an M45 recoil mechanism as part of his employment duties. Mr. Connell sought and received benefits from the United States, Department of Labor, under the Federal Employees Compensation Act (FECA).[1]  5 U.S.C. § 8101–8193.

Plaintiffs originally filed this negligence and loss of consortium action in the Iowa District Court for Scott County against several federal employees on June 12, 1986. The defendants timely removed the action to this court pursuant to 28 U.S.C. § 1442(a)(1). On March 31, 1989, this court entered an order which substituted the United States as party defendant pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 (FELRTCA). The order also dismissed the individual federal employee defendants from the lawsuit, subject to reinstatement as defendants if the court later upholds constitutional challenges to FELRTCA which plaintiffs might raise.

The government now contends that it was properly substituted as party defendant and that where the injured party is a federal employee who sustained work related injuries, as is the case here, FECA provides his and his spouse's exclusive remedy and bars any other action against the United States, such as an action under the Federal Tort Claims Act. In response, plaintiffs argue that FECA should not provide the exclusive remedy in this case because the United States is not the proper defendant. They claim that retroactive application of FELRTCA to this case is unconstitutional because its application, in effect, deprives plaintiffs, particularly Mrs. Connell, of substantive due process rights which are guaranteed by the 5th Amendment.

FELRTCA

President Reagan signed FELRTCA on November 18, 1988, on which date it became effective. FELRTCA provides the exclusive remedy for injuries to persons or property arising from torts committed by federal employees acting within the scope of their employment. FELRTCA allows the United States to be substituted as a defendant in any action where a federal employee is sued for damages as a result

---

**1.** The record is unclear as to whether Mr. Connell received augmented compensation for his wife pursuant to 5 U.S.C. § 8110. At oral argument, plaintiff's counsel thought that Mr. Connell might have received such augmented compensation but was unable to so state with certainty.

of tortious conduct having been committed by that employee.

FELRTCA is applicable to this case because it applies "to all claims, civil actions, and proceedings pending on, or filed on or before, the date of the Enactment of this Act" (November 18, 1988). Section 8(b); *Lunsford v. Price*, 885 F.2d 236, 240 (5th Cir.1989).

Plaintiffs contend that retroactive application of FELRTCA eliminates plaintiffs' tort causes of action which they had against the original federal employee defendants, thus depriving Mrs. Connell of any remedy for her loss of consortium claim and depriving Mr. Connell of any further remedy that he might have had in addition to the FECA award that he received. Plaintiffs argue that such a deprivation effectively denies them of their substantive due process rights which the 5th Amendment protects.

The Supreme Court has held in certain cases that vested rights created by statute cannot be abridged by a subsequent statute that effectively eliminates causes of action to enforce those rights.[2] Because the rights had "vested" in a contract, a fixed sum of money, or real property, the rights stood independent of the statute that created them and could not be abridged by the subsequent statute. *See* Footnote 2.

The present case involves common law tort rights that are unlike the vested rights in the above cited cases. Rights in a tort cause of action do not vest until reduced to a final, unreviewable judgment. *Sowell v. American Cyanamid Co.*, 888 F.2d 802, 805 (11th Cir.1989). Therefore, Congress did not abridge any "vested" rights of plaintiffs by enacting FELRTCA and allowing retroactive application, even though such application may have the effect of abolishing plaintiffs' tort causes of action. *See Sowell*, 888 F.2d 802 (discusses the constitutionality of FELRTCA); *Atmospheric Testing Litigation*, 820 F.2d 982,

988–89 (9th Cir.1987), *cert. denied*, 485 U.S. 905, 108 S.Ct. 1076, 99 L.Ed.2d 235 (1988) (constitutionality of 42 U.S.C. § 2212 which substitutes the United States as defendant in all suits against private contractors to the government for radiation injuries arising from any of the United States atomic weapons testing programs, and makes the FTCA the sole remedy for those injuries).

Congress, however, "must comply with due process when abolishing or substantially modifying a common law cause of action." *Hammond v. United States*, 786 F.2d 8, 12 (1st Cir.1986). An Act of Congress is presumed to be constitutional and plaintiffs have the burden to show that FELRTCA is wholly arbitrary and irrational in purpose and effect, i.e. not reasonably related to a legitimate congressional purpose. *See United States R.R. Retirement Bd. v. Fritz*, 449 U.S. 166, 174–77, 101 S.Ct. 453, 459–60, 66 L.Ed.2d 368 (1980); *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15, 96 S.Ct. 2882, 2892, 49 L.Ed.2d 752 (1976).

The reasons for Congress' enactment of FELRTCA are neither arbitrary nor irrational. FELRTCA was a response by Congress to the decision of *Westfall v. Erwin*, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), which severely limited the availability of the common law tort immunity doctrine to federal employees. Congress was worried about the possibility of

"an immediate crisis involving the prospect of personal liability, and that the threat of protracted personal tort litigation would seriously undermine the morale and well-being of federal employees, impede the ability of agencies to carry out their missions, and diminish the vitality of the Federal Tort Claims Act as the proper remedy for federal employee torts."

*Sowell*, 888 F.2d at 805. Plaintiffs have failed to show that Congress acted unconstitutionally by enacting FELRTCA and allowing its retroactive application.

---

**2.** *See Coombes v. Getz*, 285 U.S. 434, 439–48, 52 S.Ct. 435, 435–38, 76 L.Ed. 866 (1932) (statute created rights vesting in a corporate charter); *Forbes Pioneer Boat Line v. Board of Comm'rs*, 258 U.S. 338, 339–40, 42 S.Ct. 325, 325–26, 66

L.Ed. 647 (1922) (rights to a fixed sum of money); *Ettor v. Tacoma*, 228 U.S. 148, 155–58, 33 S.Ct. 428, 430–31, 57 L.Ed. 773 (1913) (rights vested in real property).

## FECA

■ Because I conclude that FELRTCA is constitutional as applied to plaintiffs, the substitution of the United States was proper. FECA provides the injured federal employee's and his spouse's exclusive remedy against the United States for a work related injury.[3] Mr. Connell already has received benefits pursuant to FECA. Under FECA, workers are "guaranteed the right to receive immediate, fixed benefits regardless of fault and without need for litigation, but in return they lose the right to sue the government." *Lockheed Aircraft v. United States,* 460 U.S. 190, 194, 103 S.Ct. 1033, 1036, 74 L.Ed.2d 911 (1983). Accordingly, plaintiffs' common law tort claims cannot be maintained.

■ Plaintiffs argue that Mr. Connell's injury may fit within an exception to FECA. Plaintiffs contend that there is an exception to FECA when the government employer knows that a particular piece of equipment has a dangerous defect and the employer either caused the defect or failed to correct the defect. Plaintiffs, however, do not cite and the court cannot find authority for any such exception. Furthermore, by awarding benefits to Mr. Connell, the Secretary of Labor impliedly determined that Mr. Connell's injury was covered by FECA. The Secretary's decisions regarding coverage under FECA are absolutely immune from judicial review. 5 U.S.C. § 8128(b); *Grijalva v. United States,* 781 F.2d 472, 474 (5th Cir.1986); *Waters v. United States,* 458 F.2d 20, 22 (8th Cir.1972).

Based upon the preceding analysis, defendant's motion for summary judgment IS GRANTED.

### ORDER

IT IS ORDERED that plaintiff's complaint be dismissed.

---

**3.** The exclusivity provision of FECA also precludes a government employee's spouse from maintaining an action for loss of consortium, based on a work related injury. *See Posegate v.*

*United States,* 288 F.2d 11 (9th Cir.), *cert. denied,* 368 U.S. 832, 82 S.Ct. 55, 7 L.Ed.2d 34 (1961); *Levine v. United States,* 478 F.Supp. 1389 (D.Mass.1979).