United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued March 12, 1998 Decided August 28, 1998 

 No. 97-5121

 Stephen S. Adams, et al., 

 Appellants

 v.

 James F. Hinchman, 

 Acting Comptroller General of the United States General 
 Accounting Office, et al., 

 Appellees

 Appeal from the United States District Court 

 for the District of Columbia 

 (95cv02015)

 Jules Bernstein argued the cause for appellants. With him 
on the briefs were Linda Lipsett and Edgar N. James.

 Wendy M. Keats, Attorney, U.S. Department of Justice, 
argued the cause for appellees. With her on the brief were 


Frank W. Hunger, Assistant Attorney General, Wilma A. 
Lewis, U.S. Attorney, and Barbara C. Biddle, Assistant Di-
rector, U.S. Department of Justice.

 Edgar N. James was on the brief for amicus curiae Federal 
Law Enforcement Officers Association. Martha L. Walfoort 
entered an appearance.

 Before: Randolph, Rogers, and Tatel, Circuit Judges.

 Opinion for the Court filed Per Curiam.

 Per Curiam: This is an appeal from the district court's 
judgment rejecting the claims of 14,122 current and former 
federal criminal investigators or other law enforcement offi-
cers. The plaintiffs were employed between 1984 and 1995 in 
federal agencies such as the Customs Service, the Secret 
Service, the Internal Revenue Service, the Drug Enforcement 
Agency and the Bureau of Alcohol, Tobacco and Firearms.1 
Between February 16, 1990, and December 13, 1995, they 
filed civil actions in the Court of Federal Claims alleging that 
they had been wrongfully classified as exempt from the 
overtime provisions of the Fair Labor Standards Act 
("FLSA"), 29 U.S.C. s 201 et seq. During the same period, 
each employee also filed an administrative claim at the Gov-
ernment Accounting Office. Of the 14,122 employees, 11,247 
brought suit before June 30, 1994.

 In a consolidated case, the Court of Federal Claims held 
that certain grades of employees--namely, GS-9 and GS-11 
investigators at BATF, DEA, IRS, and Secret Service, and 
GS-9 investigators at Customs Service--were not exempt 
from FLSA, and thus had been entitled to overtime pay. 
Adams v. United States, 27 Fed. Cl. 5 (1992). On March 16, 
1994, these plaintiffs entered into settlement agreements with 

__________
 1 The original defendants were then Comptroller General of the 
General Accounting Office Charles A. Bowsher, and the heads of 
the various federal agencies. On September 30, 1996, Mr. Bowsher 
retired. The acting Comptroller General, James Hinchman, was 
substituted as defendant.

the United States. The agreements gave the plaintiffs "back 
pay and interest ... for the two-year period prior to the date 
that each such plaintiff filed suit" but did not prejudice their 
rights to pursue administrative remedies. Counsel then cor-
responded with the GAO regarding the pending administra-
tive claims.

 The authority of the GAO to settle claims against the 
United States is found in the Barring Act, 31 U.S.C. s 3702.2 
According to the GAO, "to settle a claim means to administra-
tively determine the validity of that claim.... Settlement 
includes the making of both factual and legal determinations. 
The authority to settle and adjust claims does not, however, 
include the authority to compromise claims." General Ac-
counting Office, Principles of Federal Appropriations Law 
11-6 (1982); see also Illinois Surety Co. v. United States ex 
rel. Peeler, 240 U.S. 214, 219 (1916). Under 31 U.S.C. 
s 3702(b)(1)(A), a claim against the government "must be 
received ... within six years after the claim accrues except 
... as provided in this chapter or another law."

 Lawsuits for back pay under FLSA are subject to the 
Portal-to-Portal Act's statute of limitations--two years for 
non-willful violations and three years for willful ones.3 See 29 
U.S.C. s 255(a). Shortly after FLSA coverage was extended 
to federal employees, however, the GAO ruled that "the time 
limitation for the filing of claims by federal employees under 
the FLSA which may be considered by our office is six 
years...." In re Transportation Sys. Ctr., 57 Comp. Gen. 
441 (1978). The GAO relied in part on a letter from the Civil 
Service Commission, reasoning that the language of 29 U.S.C. 
s 255--which spoke exclusively in terms of a "cause of ac-

__________
 2 The GAO's authority to settle federal employees' compensa-
tion claims has since been transferred to the Office of Personnel 
Management. See 31 U.S.C.A. s 3702(a)(2) (West Supp. 1998).

 3 One of the purposes of the Portal-to-Portal Act, enacted in 
response to Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 
(1946), was to substitute a uniform federal limitations period for the 
diverse periods provided under state law. See Carter v. Panama 
Canal Co., 463 F.2d 1289, 1293 (D.C. Cir. 1972).

tion"--limited it to judicial proceedings and did not apply to 
administrative claims. See also Principles 11-22 ("[T]he 
time limit for filing a claim under the Fair Labor Standards 
Act is the six years prescribed by [then-] 31 U.S.C. s 71a, 
notwithstanding a two-year statute of limitations for com-
mencing actions at law. Thus, a claim filed under the FLSA 
more than two years but less than six years after it accrued 
could still be considered administratively, although the claim-
ant would have lost his recourse to the courts.").

 In back pay and overtime cases, the statute of limitations 
determines how many years of compensation each claimant 
receives. Since these are continuing claims, a separate cause 
of action accrues each payday. A six-year statute of limita-
tions means that an employee could recover six years of back 
pay or overtime compensation dating from the time he or she 
first filed suit.

 On May 23, 1994, the GAO overruled Transportation Sys-
tems Center.4 In In re Joseph M. Ford, 73 Comp. Gen. 157 
(1994), the GAO held that the shorter statute of limitations 
found in the Portal-to-Portal Act would henceforth be ap-
plied "in the settlement of pending and future FLSA claims 
filed with GAO by federal employees." The GAO concluded 
that 29 U.S.C. s 255 was "another law"--and thus an excep-
tion to the six-year limitation period in 31 U.S.C. 
s 3701(b)(1)(A).

 On July 1, 1994, Senator Sarbanes introduced legislation 
intended, he said, "to reverse a very destructive ruling by the 
General Accounting Office to apply a retroactive change in 
the statute of limitations from 6 years to 2 years for Federal 
employees to file back pay claims under" FLSA. 140 Cong. 
Rec. S8400 (July 1, 1994). As enacted on September 30, 
1994, s 640 of the Treasury, Postal Service and General 
Government Appropriations Act of 1995, Pub. L. No. 103-329, 
108 Stat. 2383, 2432, provided:

__________
 4 In doing so, the GAO also overruled In re Henry G. Tomkow-
iak, 67 Comp. Gen. 247 (1988), and In re Federal Firefighters, 68 
Comp. Gen. 681 (1989), which had applied the six-year statute of 
limitations.

 In the administration of Section 3702 of title 31, United 
 States Code, the Comptroller General of the United 
 States shall apply a 6-year statute of limitations to any 
 claim of a Federal Employee under the Fair Labor 
 Standards Act of 1938 (29 U.S.C. s 201 et seq.) for claims 
 filed before June 30, 1994.

Senator Sarbanes added that while "the underlying question 
regarding the appropriate length of the statute of limitation 
for FLSA claims is one of continuing debate ... under no 
circumstances should GAO apply the proposed change retro-
actively." 140 Cong. Rec. S8400.

 In what was apparently its first decision after passage of 
s 640, the GAO applied a six-year statute of limitations to 
claims filed on May 22, 1989, and pending before it as of June 
30, 1994. See In re Molly D. Kinsley, 1995 WL 9720 (Jan. 9, 
1995). The GAO explained that s 640 "obviates the need for 
us to discuss the effect, if any, of Joseph M. Ford. ... In light 
of section 640, the Ford holding is applicable only to claims 
filed on or after June 30, 1994." Id. at n.7.

 Meanwhile, counsel for the employees again contacted the 
GAO and requested a meeting to resolve pending claims in 
light of s 640. The GAO acknowledged that "the Act of 
Congress has modified our Ford decision" but pointed out 
that "our regulations require that the agency from which the 
claim originated shall initially adjudicate the claim. See 4 
C.F.R. s 31.4 (1994)." 5 Counsel then brought their clients' 
claims to the attention of the employing agencies, each of 
which responded that s 640 gave specific authority to apply a 
six-year statute of limitations only to the Comptroller Gener-

__________
 5 4 C.F.R. s 31.4 provides in part:

 A claimant should file his or her claim with the administrative 
 agency or department out of whose activities the claim arose. 
 The agency shall initially adjudicate the claim. If the claimant 
 is not satisfied with the agency's determination, he or she may 
 appeal that determination to the Claims Group, General Ac-
 counting Office. Claims which cannot be resolved by the 
 department or agency shall be transmitted to the Claims 
 Group, General Accounting Office, for resolution.

al and that the agencies themselves were without statutory 
authority to do so. Counsel appealed these denials to the 
GAO, but the GAO did not respond. However, with regard to 
an unrelated FLSA case, the GAO informed the Personnel 
Director of the U.S. Customs Service that it did "not intend 
to issue a decision in Marvin B. Atkinson ... until the 
Treasury, Postal Service, and General Government Appropri-
ations Bill, 1996 ... is enacted (because of the possible 
retroactive repeal of s 640)."

 In November 1995, Congress amended s 640 to state:

 This section shall not apply to any claim where the 
 employee has received any compensation for overtime 
 hours worked during the period covered by the claim 
 under any other provision of law, including, but not 
 limited to, 5 U.S.C. 5545(c), or to any claim for compen-
 sation for time spent commuting between the employee's 
 residence and duty station.

Pub. L. No. 104-52, 109 Stat. 468. Introducing this amend-
ment, Representative Lightfoot said that the GAO, in its 1978 
decision, "made a mistake and established regulations stating 
that Federal employees can get up to 6 years back pay for 
overtime claims" under the FLSA. The GAO discovered and 
corrected "its mistake," but then the 103d Congress "re-
versed GAO, and passed a law allowing Federal workers to 
get up to 6 years back pay. The problem is that this act will 
cost as much as $460 million.... The conferees were faced 
with a choice--either pay hundreds of millions for work done 
many years ago ... or give the Federal workers the same 
rights as their private sector counterparts.... [W]e includ-
ed language providing for the same treatment for public and 
private workers ... not just because it costs a lot of money, 
but because it is fair." 141 Cong. Rec. H12376 (Nov. 15, 
1995).

 After the amendment of s 640, the GAO decided Atkinson, 
a case in which the plaintiffs here had been granted leave to 
intervene. In re Marvin B. Atkinson, 1996 WL 31212 (Jan. 
29, 1996). Atkinson's claim had been filed on January 1, 1994, 
and sought compensation for the time he spent traveling 


between home and work travel while driving a government 
vehicle. Atkinson's employing agency denied his claim after 
the GAO decided Ford; he based his administrative appeal on 
the original s 640. The GAO held that "the November 19, 
1995 amendment to section 640 effectively reestablishes the 
two-year statute of limitations for any claim where the em-
ployee has received overtime pay under any other law or any 
claim for time spent commuting. We see no basis for the 
assertion that this amendment does not apply to Mr. Atkin-
son's claim." Id.

 On October 27, 1995--before passage of the amendment to 
s 640 or the GAO's decision in Atkinson--plaintiffs brought 
this action in district court seeking "mandamus and injunctive 
and declaratory relief." The complaint challenged Ford's 
adoption of a shortened, retroactive statute of limitation; the 
GAO's insistence that plaintiffs bring their claims before their 
respective agencies; the refusal of those agencies to grant the 
claims; and the GAO's refusal to pass on their appeals. In 
Supplemental Complaints dated December 13, 1995, and Jan-
uary 29, 1996, plaintiffs added the amendment to s 640 and 
the GAO's decision in Atkinson to their list of requests for 
declaratory relief.

 Plaintiffs alleged that the GAO's decision in Ford and the 
amendment to s 640 had offended due process. They assert-
ed property interests in their back pay claims before the GAO 
and in their earned but unpaid compensation.6 On October 
10, 1996, the district court (Judge June L. Green) granted 
defendants' motion for summary judgment. The court later 
denied plaintiffs' motion for reconsideration. Our review of a 
grant of summary judgment is de novo. With one exception, 
we shall affirm the district court's judgment substantially for 

__________
 6 On appeal, plaintiffs also maintain that they have a property 
interest in the statute of limitations itself. Brief for Appellants at 
45. They cite no support for the assertion of such an interest and 
we are aware of none. As explained earlier, the amount of overtime 
that plaintiffs can claim is limited by the governing statute of 
limitations. Thus the two are essentially the same and the same 
analysis applies.

the reasons stated in the court's thorough and well-reasoned 
opinion.7

 The district court held that the GAO's prior application of a 
six-year statute of limitations had been an error. Adams v. 
Bowsher, 946 F. Supp. 37, 42 (D.D.C. 1996). It decided that 
plaintiffs had no property interest in their pending adminis-
trative claims because "a cause of action ... affords no 
definite or enforceable property right until reduced to a final 
judgment." Id. at 41 (quoting Austin v. City of Bisbee, 
Arizona, 855 F.2d 1429, 1436 (9th Cir. 1988)). See also 
Sowell v. American Cyanamid Co., 888 F.2d 802, 805 (11th 
Cir. 1989); Hammond v. United States, 786 F.2d 8 (1st Cir. 
1986). Without reaching the issue whether enactment of the 
original s 640 gave certain plaintiffs property rights in their 
unpaid overtime, we agree with the district court that any 
such property interest could be extinguished so long as the 
retroactive economic legislation met the guarantees of due 
process. See General Motors Corp. v. Romein, 503 U.S. 181, 
191 (1992). Analyzing the legislative history of the amend-
ment to s 640, the district court found that the statute had a 
"legitimate legislative purpose which was furthered by ration-
al means." 946 F. Supp. at 44 (relying on Pension Benefit 
Guaranty Corp. v. R.A. Gray & Co., 467 U.S. 717, 730 (1984) 
and Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 15 
(1976)). The court emphasized that Representative Light-
foot's statement indicated a desire to promote fairness and to 
equate "the rights enjoyed by federal employees to those of 
private sector employees." 946 F. Supp. at 43.

__________
 7 Appellees have moved to strike section III of plaintiff-
appellants' reply brief on the ground that it raised issues not 
advanced in their opening brief. Plaintiffs there contended for the 
first time that the Back Pay Act, 5 U.S.C. s 5596, and the Civil 
Service Reform Act, 5 U.S.C. s 7121(a), display congressional intent 
to treat federal and private sector employees differently. See 
Reply Brief for Appellants at 10-13. It is our practice not to 
consider any issue "raised for the first time in a reply brief," a point 
at which the opposing side has no opportunity to respond. See 
Rollins Environmental Servs., Inc. v. EPA, 937 F.2d 649, 652 n.2 
(D.C. Cir. 1991). We grant the motion to strike.


 As for plaintiffs' equal protection claim, the district court 
determined that plaintiffs and the Kinsley claimants, whose 
claims had been subject to a six-year statute of limitations, 
were not similarly situated. Id. at 45. Unlike the claimants 
in Kinsley, plaintiffs did not have a sufficiently developed 
factual record for their claims to be processed by the GAO 
prior to the enactment of the amendment. In addition, 
plaintiffs charged that the GAO violated the Administrative 
Procedure Act in deciding Ford and in failing to handle their 
cases in a timely fashion--i.e., before s 640 was amended. 
Such claims were moot, the district court concluded, because 
Congress "had impliedly adopted the two or three-year limi-
tation period" and the amendment "passe[d] constitutional 
muster." 946 F. Supp. at 45. Thus the Ford and Atkinson 
decisions were valid and it was beyond the power of the court 
to compel the GAO to apply a longer statute of limitations. 

 While we therefore are in general agreement with the 
district court, we cannot affirm the portion of the court's 
decision holding that plaintiffs' "property" had not been taken 
without just compensation, in violation of the Fifth Amend-
ment to the Constitution. See Adams, 946 F. Supp. at 44. 
Applying the test for a compensable taking set forth in 
Connolly v. Pension Benefit Guaranty Corp., 475 U.S. 211, 
224-25 (1986), the district court concluded that any economic 
impact on individual plaintiffs was slight, that the amended 
s 640 did not "unduly interfere with a distinct investment-
backed expectation," and that "the nature of the action taken 
by Congress is not inconsistent with the purpose behind the 
takings clause." 946 F. Supp. at 44.

 Repeating the argument they made below, plaintiffs argue 
that "deprivation of [their] previously earned FLSA wages 
constitutes an unlawful taking of [their] labor without just 
compensation under the Fifth Amendment." Brief for Appel-
lants at 19. We are without jurisdiction to decide this claim. 
The usual remedy for unconstitutional takings is "a suit for 
money damage (i.e., the 'just compensation' that the Constitu-
tion assures) under the Tucker Act in the Court of Federal 


Claims, 28 U.S.C. s 1491...." 8 Student Loan Marketing 
Ass'n v. Riley, 104 F.3d 397, 401 (D.C. Cir. 1997). "Except in 
cases in which the amount in controversy is less than $10,000, 
in which event jurisdiction is concurrent with the federal 
district courts, see 29 U.S.C. s 1346(a)(2), the Federal Claims 
Court's jurisdiction in such actions is exclusive." Railway 
Labor Executives' Ass'n v. United States, 987 F.2d 806, 816 
(D.C. Cir. 1993). While there may be certain exceptions 
"involv[ing] mandates of direct transfers of money to the 
government," see Student Loan Marketing Ass'n, 104 F.3d at 
401 (quoting In re Chateaugay Corp., 53 F.3d 478, 493 (2d 
Cir. 1995)), they are not applicable here. At oral argument, 
counsel for the plaintiffs represented that each of their indi-
vidual claims amounted to more than $10,000. If that were 
true, the district court would not have had jurisdiction to hear 
the taking claim in the first place. Even if each back pay 
claim were less than $10,000 and jurisdiction was based on 
the "Little Tucker Act" (28 U.S.C. s 1346(a)(2)), the United 
States Court of Appeals for the Federal Circuit--not us--
would have exclusive jurisdiction over the appeal. See 28 
U.S.C. s 1295(a)(2). Either way then, plaintiffs' taking claim 
is not properly before us.9 We therefore remand the takings 

__________
 8 In relevant part 28 U.S.C. s 1491(a)(1) provides:

 The United States Court of Federal Claims shall have juris-
 diction to render judgment upon any claim against the United 
 States founded either upon the Constitution, or any Act of 
 Congress or any regulation of an executive department, or 
 upon any express or implied contract with the United States, or 
 for liquidated or unliquidated damages in cases not sounding in 
 tort.

 9 After oral argument, the parties called our attention to two 
recently decided cases--National Treas. Employees Union & Fed-
eral Deposit Ins. Corp., 53 F.L.R.A. No. 134 (Feb. 27, 1998); and 
Eastern Enterprises v. Apfel, 118 S. Ct. 2131 (June 25, 1998) 
(plurality opinion). Neither decision affects the outcome of this 
case. National Treasury Employees Union appears to support the 
reasoning of the district court. In Eastern Enterprises, four Jus-
tices concluded that it was within the district court's power to 
award equitable relief for a claim arising under the Takings Clause. 
See 118 S. Ct. at 2145 (quoting In re Chateaugay Corp., 53 F.3d at 

issue to the district court for a determination of whether 
jurisdiction was proper under the Little Tucker Act, 28 
U.S.C. s 1346(a)(2).

 For the reasons stated above, the district court's grant of 
summary judgment is affirmed in part and reversed and 
remanded in part.

So ordered.

__________
493). Unlike Eastern Enterprises, plaintiffs here are not threat-
ened with a taking by a "challenged statute" that "requires a direct 
transfer of funds" from them to the government. See id. Rather, 
they seek compensation from the government for unpaid overtime. 
The only effect of a longer statute of limitations would be to grant 
plaintiffs more money. Thus the circumstances found to support 
district court jurisdiction in Eastern Enterprises do not exist in this 
case.